1

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   UNITED STATES OF AMERICA,                        No. CR 10-00068 WHA

11                Plaintiff,

12     v.                                             **ORDER DENYING MOTION IN
                                                      LIMINE UNDER RULE 404(b)**
13   JOHN BROSNAN,

14                Defendant.
     _____/

15

16        In this criminal prosecution arising out of alleged falsehoods in a civil action, defendant

17   moves *in limine* under Federal Rule of Evidence 404(b) to exclude evidence of a similar act by

18   him in a different civil action in the same time frame, *Brosnan v. Alki Mortgage et al.*, case

19   number 3:07-cv-04339-JL.

20        In the *Alki Mortgage* action before Magistrate Judge James Larson, a case management

21   conference was scheduled for November 28, 2007.  That morning, Mr. Brosnan apparently called

22   the court to request appearance by telephone because he was ill.  But when the court called him

23   during the conference he did not pick up.  After he failed to appear, the *Alki Mortgage* defendant

24   moved to dismiss.  On January 27, 2008, Mr. Brosnan filed an opposition and explained his

25   failure to appear at the case management conference.  He stated that a few weeks before the

26   scheduled conference, he received phone calls from an "Albert Rosen" who informed Mr.

27   Brosnan that he was the defendant's attorney.  Attorney Rosen requested that Mr. Brosnan

28   stipulate to postponement of the case management conference on November 28, 2007, and Mr.

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1  Brosnan agreed.  Mr. Brosnan claimed he signed a stipulation from attorney Rosen.  No

2  stipulation was filed.  Mr. Brosnan further stated that "Rosen was a fabrication by [the defendant]

3  to trick Brosnan into not appearing."

4          The government contends that in actuality defendant phonied up the supposed stipulation

5  on his computer in the same way that he phonied up the Brysk letter on the same computer in the

6  civil action underlying the prosecution.  According to government proffer, FBI forensics has

7  determined from analysis of Mr. Brosnan's computer that the Rosen stipulation was created on

8  January 27, 2008 — well after the case management conference and the same day that Mr.

9  Brosnan filed his opposition to the motion to dismiss in *Alki Mortgage*.  The government seeks to

10  introduce a limited amount of evidence concerning these *Alki Mortgage* events in the upcoming

11  criminal trial against Mr. Brosnan.  The defense moves to exclude such evidence as improper

12  propensity evidence.  The government counters that it is evidence of intent, *modus operandi*,

13  identity, and absence of mistake, which are legitimate grounds to introduce evidence under Rule

14  404(b).

15          This order finds that this evidence is sufficiently probative of "intent, preparation, plan,

16  [and] knowledge" to be properly admissible under the rule.  Based on the hearing and the record,

17  it appears that these will be issues in the criminal trial.  The similarities between the underlying

18  action to this prosecution — 3:07-cv-04337-WHA, *Brosnan v. Oberle et al.* — and the

19  circumstances in *Alki Mortgage* are quite close.  In both *Alki Mortgage* and *Oberle*, Mr. Brosnan

20  missed a case management conference and later claimed it was because an opposing attorney had

21  "tricked" him into thinking the conference was postponed.  Also, there is evidence that both

22  documents purportedly sent to Mr. Brosnan by opposing counsel were actually created by

23  defendant on the same day that he filed them while trying to prevent dismissal of his case.  The

24  government also proffers forensic similarities between the stipulation in *Alki Mortgage* and the

25  letter from *Oberle* that is the subject of this prosecution.

26          As a distinguishing fact, defense counsel assert that Mr. Brosnan missed the *Alki*

27  *Mortgage* case management conference because he was ill.  They further state that *Alki Mortgage*

28

2

was dismissed on grounds other than the fact that Mr. Brosnan missed the case management conference.  These arguments ignore the probative fact that Mr. Brosnan *attempted to avoid dismissal* of the *Alki Mortgage* action by stating to the court that he had been tricked by opposing counsel, based on a document purporting to evidence a justified postponement of Mr. Brosnan's attendance of a case management conference.  That is exactly the case here.

Accordingly, defendant's motion *in limine* is DENIED.

Defendant argues that the jury will be confused by the introduction of the *Alki Mortgage* evidence, because of the addition of issues for decision and the different standard of proof as to the *Alki Mortgage* evidence.  These are concerns to be addressed by helpful jury instructions, which will be the subject of the charging conference and thus will not yet be addressed.

**IT IS SO ORDERED.**

Dated:  September 27, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

3