IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JOHN BROSNAN,

    Defendant.

                           /

No. CR 10-0068 WHA

**TENTATIVE RULING TO ASSIST COUNSEL IN PREPARATION FOR FURTHER PRETRIAL CONFERENCE**

At the initial pretrial conference in this action, further briefing was allowed on certain specific topics and deadlines were set. A further pretrial conference is scheduled for tomorrow, October 27, 2010, at 9:00 a.m. In order to help counsel focus their arguments at the further pretrial conference, the undersigned files these tentative rulings regarding the issues to be addressed tomorrow, based on consideration of the briefing. Oral argument will of course be considered before any ruling is finalized.

It is important to state at the outset that whenever a motion to exclude evidence is denied, that does not mean the evidence is admitted. It means that it will come into evidence if the proper foundation is laid by the offering party. It means that it is not excluded on the grounds asserted in the pending motion.

**Brysk Declaration**

Motion to exclude tentatively denied. The declaration is important to establish why defendant would have lied to the Court at the evidentiary hearing. It goes to defendant's state

of mind in that it shows he was on notice of the content of the declaration. Furthermore, there is no harm in providing the jury with the declaration after Brysk testifies because he presumably will testify to what he swore to in his declaration. Therefore, on condition that Brysk testify first to the main points in the declaration and foundation is laid, the declaration will be admissible to show that the information therein was available to the defendant at the time he allegedly committed perjury.

### **Evidentiary Hearing Transcript**

Defense counsel make specific line objections to the redacted version proposed by the government. The following are the tentative rulings as to each line objection:

Page 3 line 9: "Now, the reason that we're here is very unusual." shall be redacted.

Page 3 line 22: "that being strange" shall be redacted.

Page 7 line 14: "As Mr. Brysk said," shall be redacted for clarity.

Page 11 lines 3–24: These lines shall be redacted on the condition that the defense agrees that the following will be substituted their place: "At this point the Court gave the two sides the choice of stating their facts under oath or first consulting a lawyer."

Page 13 line 15: Objection tentatively overruled.

Page 14 line 23: "can say" shall not be redacted from the transcript.

Page 19 line 8: "by Don" shall not be redacted from the transcript.

Page 36 line 25 through page 37 line 17: These lines shall be redacted because there is no allegation in the indictment that defendant tampered with his computer after the evidentiary hearing.

Page 44 line 9 through page 46 line 23: Objection tentatively sustained. This portion of the transcript will be excluded, subject to the possibility that it be allowed on cross-examination if it is put at issue.

### **Complaint Including Exhibits from *Brosnan v. Oberle et al.*, 07-cv-4337**

Defense counsel make specific objections to paragraphs 18–26 of the complaint and all of the exhibits to the complaint. The following are the tentative rulings as to each:

1    Paragraphs 18–26: Objection tentatively overruled.  These paragraphs are party
2 admissions and part of the underlying case that is the subject of this prosecution.  They add to
3 an understanding of why defendant would have committed perjury.
4    Exhibit 1 (Oberle declaration): Objection tentatively overruled.  This exhibit adds to an
5 understanding of the ill-will between Mr. Brosnan and Mr. Oberle that was in defendant's mind
6 and what he was up against when he allegedly committed perjury.
7    Exhibit 2 (court decision): The following will be redacted: page 4 line 14 starting with
8 "Not one of the petitioners was a qualified . . ." through page 5 line 1.  The objection is
9 tentatively overruled as to the rest of the exhibit.
10    Exhibit 3 (police report): Objection tentatively overruled.  Although the police report
11 contains hearsay, this is a document defendant specifically attached to his own complaint and is
12 therefore explanatory of the allegations made in his complaint, and it is hard to see prejudice as
13 defendant is only listed and mentioned in the narrative as a witness.
14    Exhibit 4 (state complaint): Objection tentatively overruled.   This is a document
15 defendant specifically attached to his own complaint and is therefore explanatory of the
16 allegations made in his complaint, and it is hard to see prejudice as defendant is not mentioned.
17    Exhibit 5 (state offender profile): Objection tentatively overruled.   This is a document
18 defendant specifically attached to his own complaint and is therefore explanatory of the
19 allegations made in his complaint, and it is hard to see prejudice as defendant is not mentioned.
20    **Proposed Government Exhibits 10–17**
21    As an initial matter, exhibit 17 is a repeat of exhibit 15 with the exception of the
22 handwritten note at the upper right.  If this is a mistake the parties shall please correct it at the
23 further pretrial conference.
24    Exhibits 10, 12, 14, 15, and 17 are all party admissions by defendant and therefore are
25 not hearsay.  This is conceded.  These communications were with Mr. Brysk who was acting on
26 behalf of Mr. Oberle (and who was known by defendant to be acting on behalf of Mr. Oberle).
27 The bad blood spilled in these communications is highly relevant to explain why defendant
28 would have despised Mr. Oberle and Mr. Brysk and wished to place them in a false light in the

3

1  litigation before this Court in 2007 and 2008. The objections as to these exhibits are tentatively
2  overruled.

3  Exhibits 11, 13, and 16: The responses by Mr. Brysk are more temperate. They do not
4  constitute party admissions but they are relevant to show the source of the letterhead allegedly
5  used by defendant to phony up the letter submitted to the Court in 2008. They also are
6  probative of the extent to which there was bad blood already between Mr. Brysk (and Mr.
7  Oberle) and defendant, all leading up to the litigation in federal court and the alleged perjury,
8  obstruction of justice, and wire fraud in furtherance of making Attorney Brysk and Mr. Oberle
9  look bad in the eyes of the Court. Nonetheless, the second paragraph of the Brosnan
10 communication dated October 13, 2006 (exhibits 15 and 17) will be redacted as cumulative.
11 The objections as to these exhibits are otherwise tentatively overruled.

**Motion to Reconsider Rulings as to Exhibits 19, 24, and 25**

Motion for reconsideration tentatively denied.

**Exhibit 54**

The Court does not understand the basis for the motion as to exhibit 54. As with all exhibits, the offering party will have to lay proper foundation. If there is some further objection that has not been mooted by stipulation between the parties, please clarify it at the further pretrial conference. Since the specific objection is unclear, a ruling cannot be made.

Dated: October 26, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE