United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JOHN BROSNAN,

    Defendant.

 /

No. CR 10-0068 WHA

**ORDER REGARDING MOTIONS IN LIMINE AND TRIAL SCHEDULE**

    A further pretrial conference was held on October 27, 2010, in advance of which a number of motions *in limine* were made. This order resolves all outstanding pretrial motions.

    As an initial matter, the trial schedule was adjusted at the conference. This was necessary because of the schedule of a defense computer forensic expert. Trial will now begin at 7:30 a.m. on November 22, 2010, for jury-selection purposes only. The jury members and alternates will not be sworn until November 29, 2010, after which opening statements will be made and the government will begin calling witnesses. Both sides agree that if a selected main jury member does not show up on November 29 or must be excused, a selected alternate will take his or her place at that time, and we will continue with one alternate. Both sides also agree that if two jury members do not show up on November 29 and we are down to no alternates, we will have further jury selection for the new alternates.

    Once the government rests, the defense will begin with its defense witnesses and continue on until all defense witnesses (including defendant if he is to testify) have been examined save for one possible exception, namely the defense computer forensic expert, who

1  shall be examined prior to the week of December 6 if her examination can be concluded before
2  December 6; otherwise she may be postponed until Monday, December 13 and a continuance
3  will be allowed as needed to accommodate the unavailability of the defense forensic expert
4  during the week of December 6.  The defense forensic expert report must still be disclosed to
5  the government by November 19, 2010.

6  Again, as an admonition pertaining to all evidentiary rulings, whenever a motion to
7  exclude evidence is denied, that does not mean the evidence is admitted.  It means that it will
8  come into evidence if the proper foundation is laid by the offering party.  It means that it is not
9  excluded on the grounds asserted in the pending motion.

**Brysk Declaration**

Motion to exclude **DENIED**.  The declaration is important to establish why defendant would have lied to the Court at the evidentiary hearing.  It goes to defendant's state of mind in that it shows he was on notice of the content of the declaration.  Furthermore, there is no harm in providing the jury with the declaration after Brysk testifies because he presumably will testify to what he swore to in his declaration.  Therefore, on condition that Brysk testify first to the main points in the declaration and foundation is laid, the declaration will be admissible to show that the information therein was available to the defendant at the time he allegedly committed perjury.  The jury will be instructed that the declaration is not being offered for its truth.

**Evidentiary Hearing Transcript**

Defense counsel make specific line objections to the redacted version proposed by the government.  The following are the rulings as to each line objection:

Page 3 line 9: "Now, the reason that we're here is very unusual." shall be redacted.

Page 3 line 22: "that being strange" shall be redacted.

Page 7 line 14: "As Mr. Brysk said," shall be redacted for clarity.

Page 11 lines 3–24: These lines shall be redacted and the following will be substituted their place: "At this point the Court gave all parties the choice of stating their facts under oath or first consulting a lawyer."

2

Page 13 line 15: "purportedly" shall be redacted.

Page 14 line 23: "can say" shall not be redacted from the transcript.

Page 19 line 8: "by Don" shall not be redacted from the transcript.

Page 36 line 25 through page 37 line 17: These lines shall be redacted because there is no allegation in the indictment that defendant tampered with his computer after the evidentiary hearing. If this portion of the transcript becomes relevant during trial, the government can bring a motion to put it in evidence at that time.

Page 44 line 9 through page 46 line 23: Objection sustained. This portion of the transcript will be excluded, subject to the possibility that it be allowed on cross-examination if it is put at issue.

**Complaint Including Exhibits from *Brosnan v. Oberle et al.*, 07-cv-4337**

Defense counsel make specific objections to paragraphs 18–26 of the complaint and all of the exhibits to the complaint. The following are the rulings as to each:

Paragraphs 18–26: Objection overruled. These paragraphs are party admissions and part of the underlying case that is the subject of this prosecution. They add to an understanding of why defendant would have committed perjury.

Exhibit 1 (Oberle declaration): Objection overruled. This exhibit adds to an understanding of the ill-will between Mr. Brosnan and Mr. Oberle that was in defendant's mind and what he was up against when he allegedly committed perjury.

Exhibit 2 (court decision): The following will be redacted: page 4 line 14 starting with "Not one of the petitioners was a qualified . . ." through page 5 line 1. The objection is overruled as to the rest of the exhibit.

Exhibit 3 (police report): Objection overruled. Although the police report contains hearsay, this is a document defendant specifically attached to his own complaint and is therefore explanatory of the allegations made in his complaint, and it is hard to see prejudice as defendant is only listed and mentioned in the narrative as a witness.

Exhibit 4 (state complaint): Objection overruled.   This is a document defendant specifically attached to his own complaint and is therefore explanatory of the allegations made in his complaint, and it is hard to see prejudice as defendant is not mentioned.

Exhibit 5 (state offender profile): Objection overruled.   This is a document defendant specifically attached to his own complaint and is therefore explanatory of the allegations made in his complaint, and it is hard to see prejudice as defendant is not mentioned.

**Exhibits 10–17**

Exhibits 10, 12, 14, 15, and 17 are all party admissions by defendant and therefore are not hearsay.  This is conceded.  These communications were with Mr. Brysk who was acting on behalf of Mr. Oberle's corporation (and who was known by defendant to be acting on behalf of Mr. Oberle's corporation).  The bad blood spilled in these communications is highly relevant to explain why defendant would have despised Mr. Oberle and Mr. Brysk and wished to place them in a false light in the litigation before this Court in 2007 and 2008.  Nonetheless, the second paragraph of the Brosnan communication dated October 13, 2006 (exhibits 15 and 17) will be redacted as cumulative *except* for the third sentence ("I'll be notifying the other tenants in your building . . . to protect any children that do come into the building."), which will be allowed.  The objections as to these exhibits are otherwise overruled.

Exhibits 11, 13, and 16: The responses by Mr. Brysk are more temperate.  They do not constitute party admissions but they are relevant to show the source of the letterhead allegedly used by defendant to phony up the letter submitted to the Court in 2008.  They also are probative of the extent to which there was bad blood already between Mr. Brysk (and Mr. Oberle) and defendant, all leading up to the litigation in federal court and the alleged perjury, obstruction of justice, and wire fraud in furtherance of making Attorney Brysk and Mr. Oberle look bad in the eyes of the Court.  The objections as to these exhibits are overruled.  The jury will be instructed that these letters are not being offered for their truth.

**Motion to Reconsider Rulings as to Exhibits 19, 24, and 25**

Motion for reconsideration **DENIED**.

4

**Exhibit 54**

At the further pretrial conference the government clarified the basis on which it intends to offer this exhibit. The government further clarified that it will only seek to admit three pages of the underlying document, with the few sentences of commentary on the top of the first page redacted. As with all exhibits, the offering party will have to lay proper foundation. Any objections to the exhibit as offered will have to wait until that time.

**IT IS SO ORDERED.**

Dated: October 27, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE