1

2

3

4

5                                    **NOT FOR CITATION**

6                        IN THE UNITED STATES DISTRICT COURT

7

8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    UNITED STATES OF AMERICA,

10                 Plaintiff,                          No.  CR 10-00068 WHA

11        v.                                           **ORDER DENYING MOTION FOR
                                                      RECUSAL**
12   JOHN BROSNAN,

13                 Defendant.

14

15   _____/

16

17                                    **INTRODUCTION**

18        Now before the Court for consideration is the Motion for Recusal, filed by Defendant

19   John Brosnan ("Brosnan"), which was referred to the undersigned for resolution.  The Court has

20   considered the parties' papers, relevant legal authority, the record in this case, and it finds the

21   matter suitable for disposition without oral argument.  The Court VACATES the hearing set for

22   November 5, 2010, and DENIES Brosnan's motion.

23                                    **BACKGROUND**

24        Brosnan is charged in a ten count indictment with wire fraud, obstruction of justice,

25   perjury, and aggravated identity theft.  These charges stem from Brosnan's involvement in three

26   bankruptcy and civil proceedings filed in the Northern District.  Judge Alsup presided over the

27   civil suit, *Brosnan v. Oberle, et al.*, No. 07-CV-4337 WHA (the "civil suit").  After the parties

28   failed to appear for a case management conference, Judge Alsup dismissed the civil suit for lack

United States District Court

For the Northern District of California

of prosecution.[1]  On May 19, 2008, Judge Alsup received a letter from Brosnan.  Brosnan stated he stated that he failed to appear at the case management conference because he had received a letter from attorney Joshua Brysk, advising Brosnan that the case management conference had been continued (the "Brysk Letter").  Brosnan asked Judge Alsup to reinstate the civil suit and included the Brysk Letter with his submission.[2]

Because Judge Alsup knew he had not granted a continuance, he directed Mr. Brysk to explain the letter.  Mr. Brysk submitted a declaration stating that he did not write or authorize anyone to send the Brysk Letter.  He also pointed to several facts that suggested the Brysk Letter might not be genuine.  Thereafter, Judge Alsup determined that an evidentiary hearing was warranted, and he presided over that hearing on June 19, 2008.  At the conclusion of the hearing, Judge Alsup determined that one of the parties who had testified at the hearing, Mr. Brysk, Mr. Oberle, or Brosnan, had perjured themselves and referred the matter to the United States Attorney.

The Government intends to rely on portions of the transcript of the June 19, 2008 hearing at trial, as well as other exhibits from the civil suit, including Mr. Brysk's declaration.  At a pretrial conference held on October 12, 2010, Judge Alsup noted that he did not believe that it would be possible to keep from the jury the fact that he had presided over the civil suit.  (Mot., Ex. B (Transcript of Pretrial Conference ("10/12/10 Tr.") at 30:1-32:21, 65:3-24.)  Judge Alsup advised the parties that if either party wanted to file a motion for recusal, they should do so by no later than October 15, 2010, at 12:00 p.m.  (*Id.* at 65:25-66:6.)  Brosnan did not file the instant motion until October 21, 2010.

On October 27, 2010, Judge Alsup issued an Order ruling various motions in limine and ruling on Brosnan's objections to the Government's proposed redactions to the June 19 transcript.  (*See* Docket No. 69 (Order Regarding Motions in Limine and Trial Schedule).)

---

[1]      The Court draws its summary of the facts relating to the civil suit from Judge Alsup's order denying Brosnan's motion to suppress in this case.  (*See* Docket No. 17.)

[2]      Mr. Brysk had represented one of the defendants in the civil suit, Don Oberle, in one of the bankruptcy proceedings.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

**ANALYSIS**

Brosnan moves for recusal pursuant to 28 U.S.C. §§ 455(a), (b)(2), and (b)(5)(iv), on the basis that Judge Alsup posed questions at the June 19 evidentiary hearing, which will be introduced at the criminal trial.  Brosnan argues that Judge Alsup is, therefore, "a material witness to the events in question, whether or not [he] is actually called as a witness."  (*See* Mot. at 3:3-10, 4:12-13.)[3]

Pursuant to Section 455(a), a judge should be recuse from any proceeding in which his or her "impartiality might reasonable be questioned."  Section 455(b)(1) also calls for a judge to recuse himself or herself in the following circumstances:

> (1)  Where he [or she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2)  Where in private practice he [or she] served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it; ... or
>
> (5) He [or she] ... (iv) [i]s to the judge's knowledge likely to be a material witness in the proceeding.[4]

Under both Sections 455(a) and 455(b), the Court applies an objective test to determine "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'"  *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (quoting *Clemens v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005)).  Brosnan faces a very high standard to prevail on this motion, and the Court concludes that he fails to meet this standard.

---

[3]     The Government argues that the motion "can and should be summarily denied because it is untimely."  (Opp. Br. at 13:3-4.)  Brosnan's counsel have submitted declarations, portions of which they have moved to file under seal on the basis that they contain privileged information, that explain why the motion was not filed in accordance with Judge Alsup's October 15, 2010 deadline.  (Declaration of Elizabeth Falk, ¶¶ 3-4; Declaration of Geoffrey Hansen, ¶¶ 6-11.)  Although the Court does not find counsel's explanations for the delay adequate, in the interests of justice, the Court shall address the merits of the motion.

[4]     Section 455(e) provides that "[n]o justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b)."

**United States District Court**
For the Northern District of California

Under the controlling Supreme Court case, *Liteky v. United States*, 510 U.S. 540 (1994), recusal must be premised on extrajudicial sources or, if no extrajudicial sources are involved, a high degree of favoritism or antagonism.  *Id*. at 555.[5]  In *Liteky*, the Court held that disqualification generally is not required if a judge merely issues opinions based upon what the judge learned from his or her participation in the case or in prior proceedings.  *Id*. at 551.  The Court emphasized that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Id.* at 555.  Such rulings:

> cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved. ... [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Id.*[6]; *see also In re Smith*, 317 F.3d 918, 933 (9th Cir. 2002), *abrogated on other grounds in Lamie v. United States*, 540 U.S. 536 (2004) (holding that because the alleged predisposition was formed during a prior related proceeding, pursuant to *Liteky* the moving party had to demonstrate that the predisposition evinced a "deep-seated and unequivocal favoritism or antagonism that would make fair judgment impossible").

Brosnan's motion is premised exclusively on Judge Alsup's role as presiding judge in the civil suit, including the fact that he presided over the June 19 evidentiary hearing and referred the matter to the United States Attorney.  In the *Johnson* case, *supra*, the Ninth Circuit found that a "referral of the matter to the U.S. Attorney's office" was a judicial action that would not serve as the basis for a recusal "absent unusual circumstances."  *Johnson*, 619 F.3d at 1148.  Brosnan contends that such unusual circumstances are present here, because of the fact

---

[5]    Brosnan does not suggest that Judge Alsup bears any "deep seated favortism or antagonism" towards him.

[6]    As an example of the unusual, but sufficiently high degree of favoritism or antagonism warranting recusal, the *Liteky* court quoted the following alleged statement made by the judge in *Berger v. United States*, 255 U.S. 22 (1921), a World War I espionage case against German-American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against German Americans" because their "hearts are reeking with disloyalty."  *Id.*

4

United States District Court

For the Northern District of California

1    that the June 19 transcript will be introduced as evidence.  Brosnan argues that, as a result, the

2    jury may give undue weight to statements made by Judge Alsup.[7]  (*See, e.g.,* Mot. at 4:6-12,

3    4:17-5:6.)

4            There was nothing improper about the fact that Judge Alsup posed questions at the

5    evidentiary hearing.  *See* Fed. R. Evid. 614(b).  Further, Judge Alsup has ruled on Brosnan's

6    objections to the Government's proposed redactions to the June 19 transcript, and he has

7    determined that many of his statements that arguably could be construed as expressing an

8    opinion on the underlying matter should not be presented to the jury.  (*See* Mot. Ex. A

9    (Government's Proposed Redactions); Docket No. 69 (Order Regarding Motions in Limine and

10   Trial Schedule at 2:21-3:10).)  In addition, Judge Alsup did not make any factual findings when

11   he referred the matter to the United States Attorney.  Rather, in his order, he stated that he

12   referred the matter "for *possible* perjury and obstruction based upon testimony given under oath

13   by plaintiff John Brosnan *and/or* defendant Don Oberle at the hearing held on June 19 and the

14   conduct necessitating the hearing."  (*See Brosnan v. Oberle*, 07-CV-4337 WHA, Docket No. 28

15   (Order of Dismissal and Referral at lines 18-20 (emphasis added).)

16           Judge Alsup also expressly stated that he took "no position whether a prosecution is or

17   is not warranted, a decision entirely up to the United States Attorney."  (*Id.* at lines 22-23.)

18   Moreover, the jury will be instructed that *it* is the fact finder in this case, and jurors are

19   presumed to follow instructions.  *See*, *e.g., Francis v. Franklin*, 471 U.S. 307, 324 n.9 ("The

20   Court presumes that jurors, conscious of the gravity of their task, attend closely the particular

21   language of the trial court's instructions in a criminal case and strive to understand, and make

22   sense of, and follow the instructions given them.").  For these reasons, the Court concludes that

23   this is not a case where a "reasonable person with knowledge of all the facts would conclude

24   that the judge's impartiality might reasonably be questioned."  *Johnson*, 610 F.3d at 1147

25   (internal quotations and citations omitted).

26           The Court also does not find Brosnan's material witness argument persuasive.  "A judge

27   is not required to disqualify himself if the mere *possibility* exists that a judge might be called as

28

---

[7]        This an argument that implicates Section 455(a), rather than 455(b).

a witness, and a judge is not a 'material' witness where there are other available witnesses who can give the same testimony or the judge's testimony can be obtained through other sources." *In re DeAtley Litigation*, 2008 WL 375086, at *6 (E.D. Wash. Feb. 11, 2008) (emphasis added). Neither the Government nor Brosnan suggest that they intend to call Judge Alsup as a witness or that there are no other means available to obtain any testimony that he would be required to provide.

### CONCLUSION

For all of the reasons set forth above, the Court DENIES Brosnan's motion to recuse.

**IT IS SO ORDERED.**

Dated: November 2, 2010

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28