United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JOHN BROSNAN,

    Defendant.
                             /

No. CR 10-0068 WHA

**PROPOSED CHARGE TO THE JURY**

    Appended hereto is the re-drafted proposed charge to the jury after the first charging conference held on December 3, 2010, at 9:00 a.m.

1.

Members of the jury, it is now my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary. These instructions fall into three parts. The first part will address guidelines for evaluating the evidence, the burden of proof, and related matters.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law in my instructions whether you agree with the law or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case fairly on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all of the instructions and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

I will now discuss general rules for your deliberations.

2.

The fact that the defendant was charged in an indictment is not evidence in this case. A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

3.

The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge here beyond a reasonable doubt. Anytime I say in these instructions that the government has the burden of proof, it means proof beyond a reasonable doubt.

4.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that an accused is guilty. It is not required, however, that the government prove guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the accused is guilty as charged, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the accused is guilty as charged, it is your duty to find the defendant guilty.

5.

The evidence from which you are to decide what the facts are consists of:

- The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness; and
- The exhibits which have been received into evidence; and
- Any facts to which all the lawyers have stipulated here in the courtroom before you. You must treat any stipulated facts as having been proven.

The exhibits will be with you in the jury room when you deliberate. The number tags are affixed to the back of the last page of the exhibit.

6.

In reaching your verdict, you may consider only the types of evidence I have described. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

- Arguments and statements by lawyers are not evidence. They are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the

3

1    facts as you remember them differ from the way the lawyers have stated them,
2    your memory of them controls.
3    •   A suggestion in a question to a witness is not evidence unless it is adopted by
4    the answer. A question by itself is not evidence. Consider it only to the extent
5    it is adopted by the answer.
6    •   Objections to questions are not evidence. Lawyers have a duty to their clients
7    to consider objecting when they believe a question is improper under the rules
8    of evidence. You should not be influenced by any question, objection, or the
9    Court's ruling on it.
10   •   Anything you may have seen or heard when the Court was not in session is not
11   evidence. You are to decide the case solely on the evidence received at the trial.
12   •   Testimony or exhibits that have been excluded or stricken, or that you have
13   been instructed to disregard, are not evidence and must not be considered. In
14   addition, some testimony and exhibits have been received only for a limited
15   purpose; where I have given a limiting instruction, you must consider the
16   evidence only for that limited purpose.

7.

To be more specific, some trial exhibits have been admitted with a limitation that they can be considered by you only to show the communication was made, for example, to show that certain representations or commitments were made by the sender or to show that certain information was received by the recipient. Such exhibits cannot be considered to prove the truth of information in the exhibits. To take a hypothetical example, if an e-mail from A to B stated that a school had five classrooms, you may consider the e-mail, if it was admitted under such a limitation, only to prove that the information was provided on its date but you may not use the exhibit to prove that the information was in fact correct, *i.e.*, the true number of classrooms.

4

8.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. Other evidence, however, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

If the circumstantial evidence permits two reasonable interpretations, one of which points to the defendant's guilt and the other to his innocence, you must adopt the interpretation that points to his innocence and reject the interpretation that points to his guilt, unless other evidence in the case convinces you of his guilt. If, on the other hand, one interpretation of this evidence appears to you to be reasonable and the other interpretation to be unreasonable, you must accept the reasonable interpretation and reject the unreasonable.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9.

Certain poster boards and other demonstratives have been shown to you during the trial in order to help explain the case. They are not themselves evidence and will not be in the jury room during your deliberations, although the exhibits from which they were enlarged may well be in evidence and in the jury room.

10.

The testimony of a law enforcement official or police officer should be considered by you just as any other evidence in the case, and in evaluating his or her credibility you should use the same guidelines which apply to the testimony of any witness. In no event should you

5

give either greater or lesser credence to the testimony of any witness merely because he or she is, or was, a law enforcement official or police officer.

11.

You have heard testimony from witnesses referred to as "expert witnesses." These are persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case. If an expert witness was not present at the events in question, his or her opinion is necessarily based on an assumed set of circumstances. In evaluating the opinion during the trial, you should take into account the extent to which you do agree or do not agree with the circumstances assumed by the expert witness.

12.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;
- The witness's memory;
- The witness's manner while testifying;
- The witness's interest in the outcome of the case and any bias or prejudice;
- Whether other evidence contradicted the witness's testimony;
- The reasonableness of the witness's testimony in light of all the evidence; and
- Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence. You should base your decision on all of the evidence regardless of which party presented it.

6

13.

You are here only to determine whether the defendant has been proven guilty or not guilty of the crimes charged in the indictment. Your determination must be made only from the evidence received at the trial. The defendant is *not* on trial for any conduct or offense *not* charged in the indictment. Even if you believe the defendant is guilty of some other crime, you should focus your attention solely on the crimes charged in this case. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, *only* as they relate to the charges in the indictment. A separate crime is charged against defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

14.

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. In that connection, you heard about a civil action called *Alki Mortgage*. The defendant's involvement in the *Alki Mortgage* case is not the subject of the charges here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, preparation, plan, and/or knowledge related to the actual charges in the indictment, all of which arise out of the case defendant filed against Donald Oberle, Joshua Brysk, and others.

You should ignore the fact that the judge in the *Oberle* case was myself rather than some other judge. That fact is irrelevant and should in no way influence your verdict. As I said earlier, I have made no finding either way on any issue that is material to your decision. Nothing that I have said or done, I reiterate, should influence your verdict. That is a matter entirely up to you.

15.

It is important for you to understand that a defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that defendant in this case did not testify.

16.

You are free to deliberate over the counts in any order you think most effective. You may possibly determine that certain counts ought to be considered out of strict numerical sequence. To repeat, you are not required to address the counts in strict numerical sequence, so long as you decide all of the counts eventually. This concludes the first part of my instructions.

17.

The second part of my instructions concerns the substantive law that bears on this case. This statement of the law pertains to all time periods relevant to this case. Although you have heard and seen evidence concerning legal points, you must take my instructions as supreme on matters of law and an accurate and controlling statement of the law to be applied in reaching your verdict.

18.

The defendant is charged in Counts One through Four of the indictment with committing wire fraud in violation of Section 1343 of Title 18 of the United States Code, in Count Six with obstruction of justice in violation of Section 1503 of Title 18 of the United States Code, in Counts Seven through Nine with perjury in violation of Section 1623(a) of Title 18 of the United States Code, and in Count Ten with aggravated identity theft in violation of Section 1028A(a)(1) of Title 18 of the United States Code. Count Five is no longer in the case. Again, there are nine charges in the indictment, numbered one through four, and six through ten.

19.

Turning to Counts One through Four, they charge the defendant with wire fraud in violation of Section 1343 of Title 18 of the United States Code. Specifically, Count One charges as follows:

> On May 19, 2008, transmission of "Letter to U.S. District Court Judge from John Brosnan regarding Letter received from Joshua Brysk regarding continuance of the May 1, 2008 hearing" which generated an email from the U.S. District Court's server in San Francisco to Brosnan's Internet server in Las Vegas, Nevada.

20.

Count Two charges as follows:

8

> On May 27, 2008, transmission of letter from Brosnan to U.S. District Court Judge alleging that Don Oberle wrote the "April 16, 2008" continuance letter which generated an email from the U.S. District Court's server in San Francisco to Brosnan's Internet server in Las Vegas, Nevada.

21.

Count Three charges as follows:

> On May 28, 2008, transmission of an order from the U.S. District Court in San Francisco ordering an evidentiary hearing which generated an email from the U.S. District Court's server in San Francisco to Brosnan's Internet server in Las Vegas, Nevada.

22.

Count Four charges as follows:

> On May 30, 2008, transmission of an order from the U.S. District Court in San Francisco directing Brosnan to bring the original "continuance letter" with him to the evidentiary hearing which generated an email from the U.S. District Court's server in San Francisco to Brosnan's Internet server in Las Vegas, Nevada.

23.

In order for the defendant to be found guilty of any wire fraud count, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant knowingly devised a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

*Second*, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

*Third*, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

*Fourth*, the defendant used, or caused to be used, interstate wires to carry out or to attempt to carry out an essential part of the scheme.

24.

In determining whether a scheme to defraud existed, you may consider not only the defendant's words and statements, but also the circumstances in which they were used as a whole.

9

A wire fraud involves the use of wire in interstate commerce. A interstate wire communication includes a wire transmission so long as it goes across a state line.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the information wired was itself false or deceptive so long as the wire was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

Although the indictment charges that the wire went to Las Vegas, the government must only prove that it left San Francisco and crossed a state line.

The government has the burden to prove the specific wire alleged in each count.

25.

One issue for you to decide is intent. In this regard, it is not fraud to make a misstatement based upon an innocent and good-faith mistake. Under the law, however, fraudulent intent is shown if a representation was made knowing it was untrue, or, even if it were not known to be false, it was made with reckless disregard as to its truth or falsity. It is for you, the jury, to determine whether or not the government has proven that the defendant intended to defraud.

26.

Turning to Count Six of the indictment, it charges the defendant with obstruction of justice in violation of Section 1503 of Title 18 of the United States Code. Specifically, Count Six charges him with creating a fraudulent continuance letter and falsely backdating the continuance letter to April 16, 2008 and thereafter falsely testifying under oath that he had no information about who wrote the continuance letter, all in an effort to influence and obstruct and impede the United States District Court in his lawsuit against Donald Oberle, Joshua Brysk, and others.

In order for the defendant to be found guilty of obstruction of justice, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant influenced, obstructed, or impeded, or tried to influence, obstruct, or impede the due administration of justice;

*Second*, the obstructive conduct was material to the matter before the court; that is, it had a natural tendency to influence, or was capable of influencing, the court; and

*Third*, the defendant acted corruptly with the intent to obstruct justice.

"Corruptly" means that the act must have been done with the purpose of obstructing justice.

27.

Turning to Counts Seven through Nine of the indictment, they charge the defendant with having made a false declaration — also called perjury — in violation of Section 1623(a) of Title 18 of the United States Code.

Specifically, Count Seven charges him with, at a hearing in his lawsuit against Donald Oberle, Joshua Brysk, and others, in response to a question about how he got the letter dated April 16, 2008 that purported to be written and signed by Mr. Brysk, giving the following testimony (the underlined portions of which were knowingly false):

> Q: Tell me the full story of how you got this letter dated April 16 [2008] that purports to be from Mr. Brysk.
>
> A: <u>I received an envelope in the mail</u>. I get quite a bit of mail. When I get documents that are related to a case, I open them up, read them, scan them, adjust my calendar and schedule accordingly.

28.

Count Eight charges him with, at a hearing in connection with the same lawsuit, in response to a question about whether he received the letter dated April 16, 2008, that purported to be written and signed by Mr. Brysk before May 1, 2008, giving the following testimony (the underlined portions of which were knowingly false):

> Q: When did you receive this letter?
>
> A: I don't know the exact date I received it.
>
> Q: Was it before May 1? That was the date of the [CMC] hearing.
>
> A: <u>Yes</u>. Well, yeah, it would have been before.

29.

Count Nine charges him with, at a hearing in connection with the same lawsuit, in response to a question about whether he had any information as to who wrote the continuance letter dated April 16, 2008, giving the following knowingly false testimony:

> Q: Do you have any information, Mr. Brosnan, hearsay or otherwise, as to who wrote the letter?
>
> A: No.

30.

In order for the defendant to be found guilty of perjury, the government must prove each of the following elements beyond a reasonable doubt:

> *First*, the defendant testified under oath before a court;
>
> *Second*, the testimony was false;
>
> *Third*, the defendant knew that the testimony was false, with all of you agreeing as to which statement or statements was or were false; and
>
> *Fourth*, the false testimony was material to the matters before the court; that is, it had a natural tendency to influence, or was capable of influencing, the court.

The "materiality" of a false statement is tested at the time the alleged false statement was made. It does not matter if the false testimony actually influenced the court.

31.

Turning to Count Ten of the indictment, it charges the defendant with aggravated identity theft in violation of Section 1028A(a)(1) of Title 18 of the United States Code. Specifically, Count Ten charges him with possessing and using the name and law firm letterhead of another person during and in relation to the charge in Count One.

In order for the defendant to be found guilty of Count Ten, the government must prove each of the following elements beyond a reasonable doubt:

> *First*, the defendant knowingly used without legal authority a means of identification of another person;
>
> *Second*, the defendant knew that the means of identification belonged to a real person; and

*Third*, the defendant did so during and in relation to a proven violation of Title 18, United States Code, Section 1343, wire fraud, as charged in Count One of the Indictment.

32.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

33.

The punishment provided by law for the alleged crimes is for the Court to decide. You may not consider punishment in deciding whether the government has proven its case against the defendant beyond a reasonable doubt. That is an entirely separate matter not relevant here and on which you should not speculate or base your decision in any way.

34.

I will now continue with the final third of the instructions. When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict as to each count, if any, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1   I will give you a special verdict form to guide your deliberations.  However, you do not
2   need to address the questions in the precise order listed.

### 35.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.  When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberation.

### 36.

When you retire to the jury room to deliberate, you will have with you the following things:

- All of the exhibits received into evidence;
- A work copy of these jury instructions for each of you;
- A work copy of the verdict form for each of you; and
- An official verdict form.

Remember that none of these items is evidence except the exhibits.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

### 37.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing via the Marshal, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone — including me — how the jury stands,

numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the Court.

38.

You have been required to be here each day from 7:45 A.M. to 1:00 P.M.  Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason.  For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine.  The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M.  If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

It is very important that you let the Clerk know via the Marshal in advance what hours you will be deliberating so that the lawyers and parties may be present in the courthouse at any time the jury is deliberating.

39.

You may only deliberate when all twelve of you are together.  This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case.  As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberations.

40.

Now, a word to our alternate jurors.  You will not be deliberating with the rest of the jury at the outset.  You are free to leave once the jury begins its deliberations.  You may be called in to replace one of the jurors.  Therefore, your responsibilities as an alternate remain in effect.  This means you are not to discuss this case with anyone until you join the regular jury in deliberations or until a verdict is returned and I expressly release you from service.  If it becomes necessary to have you replace a juror, you will be asked to return to the court.  You will then be sworn into the main jury and you and the rest of the jury will begin deliberations anew.  If you will not be needed, you will be notified as soon as the Court itself makes that determination.  We will pause for a moment now for our alternates to be escorted out — with our thanks.

41.

After all twelve of you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court through the Marshal that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated:  December __, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE