1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   UNITED STATES OF AMERICA,

11            Plaintiff,                              No. CR 10-0068 WHA

12       v.

13   JOHN BROSNAN,

14            Defendant.

15   _____/

16

17

18

19

20   For the record, appended hereto is the proposed charge to the jury provided to counsel by hand

21   on Thursday, December 2, 2010, at approximately 12:30, in advance of a charging conference.

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

JOHN BROSNAN,

       Defendant.

_____/

No. CR 10-0068 WHA

**PROPOSED CHARGE TO THE JURY**

**1.**

Members of the jury, it is now my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary. These instructions fall into three parts. The first part will address guidelines for evaluating the evidence, the burden of proof, and related matters.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law in my instructions whether you agree with the law or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case fairly on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all of the instructions and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

I will now discuss general rules for your deliberations.

**2.**

The charges against the defendant are set forth in the indictment, a copy of which shall be sent into the jury room during your deliberations. The indictment is not evidence. A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**3.**

The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge here beyond a reasonable doubt. Anytime I say in these instructions that the government has the burden of proof, it means proof beyond a reasonable doubt.

**United States District Court**
For the Northern District of California

4.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that an accused is guilty. It is not required, however, that the government prove guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the accused is guilty as charged, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the accused is guilty as charged, it is your duty to find the defendant guilty.

5.

The evidence from which you are to decide what the facts are consists of:

• The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness; and

• The exhibits which have been received into evidence; and

• Any facts to which all the lawyers have stipulated here in the courtroom before you. You must treat any stipulated facts as having been proven.

The exhibits will be with you in the jury room when you deliberate. The number tags are affixed to the back of the last page of the exhibit.

6.

In reaching your verdict, you may consider only the types of evidence I have described. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

• Arguments and statements by lawyers are not evidence. They are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not

evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

- A suggestion in a question to a witness is not evidence unless it is adopted by the answer.  A question by itself is not evidence.  Consider it only to the extent it is adopted by the answer.

- Objections to questions are not evidence.  Lawyers have a duty to their clients to consider objecting when they believe a question is improper under the rules of evidence.  You should not be influenced by any question, objection, or the Court's ruling on it.

- Anything you may have seen or heard when the Court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

- Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered.  In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must consider the evidence only for that limited purpose.

7.

To be more specific, some trial exhibits have been admitted with a limitation that they can be considered by you only to show the communication was made, for example, to show that certain representations or commitments were made by the sender or to show that certain information was received by the recipient.  Such exhibits cannot be considered to prove the truth of information in the exhibits.  To take a hypothetical example, if an e-mail from A to B stated that a school had five classrooms, you may consider the e-mail, if it was admitted under such a limitation, only to prove that the information was provided on its date but you may not use the exhibit to prove that the information was in fact correct, *i.e.*, the true number of classrooms.

**United States District Court**
For the Northern District of California

8.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  Other evidence, however, such as a turned-on garden hose, may explain the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

If the circumstantial evidence permits two reasonable interpretations, one of which points to the defendant's guilt and the other to his innocence, you must adopt the interpretation that points to his innocence and reject the interpretation that points to his guilt.  If, on the other hand, one interpretation of this evidence appears to you to be reasonable and the other interpretation to be unreasonable, you must accept the reasonable interpretation and reject the unreasonable.

You should consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

9.

Certain poster boards and other demonstratives have been shown to you during the trial in order to help explain the case.  They are not themselves evidence and will not be in the jury room during your deliberations, although the exhibits from which they were enlarged may well be in evidence and in the jury room.

10.

The testimony of a law enforcement official or police officer should be considered by you just as any other evidence in the case, and in evaluating his or her credibility you should use the same guidelines which apply to the testimony of any witness.  In no event should you give either greater or lesser credence to the testimony of any witness merely because he or she is, or was, a law enforcement official or police officer.

United States District Court

For the Northern District of California

11.

You have heard testimony from witnesses referred to as "expert witnesses." These are persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case. If an expert witness was not present at the events in question, his or her opinion is necessarily based on an assumed set of circumstances. In evaluating the opinion during the trial, you should take into account the extent to which you do agree or do not agree with the circumstances assumed by the expert witness.

12.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice;

- Whether other evidence contradicted the witness's testimony;

- The reasonableness of the witness's testimony in light of all the evidence; and

- Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence. You should base your decision on all of the evidence regardless of which party presented it.

13.

You are here only to determine whether the defendant has been proven guilty or not guilty of the crimes charged in the indictment. Your determination must be made only from the

evidence received at the trial.  The defendant is *not* on trial for any conduct or offense *not* charged in the indictment.  Even if you believe defendant is guilty of some other crime, you should focus your attention solely on the crimes charged in this case.  You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of defendant, *only* as they relate to the charges in the indictment.  A separate crime is charged against defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

14.

You heard about a civil action called *Alki Mortgage* and certain conduct by defendant in that case.  The defendant's involvement in the *Alki Mortgage* case is not the subject of the charges here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, preparation, plan, and/or knowledge and for the actual charges in the case, all of which arise out of the case filed against Donald Oberle.

You should ignore the fact that the judge in the *Oberle* case was myself rather than some other judge.  That fact is irrelevant and should in no way influence your verdict.  As I said earlier, I have made no finding either way on any issue that is material to your decision.  Nothing that I have said or done, I reiterate, should influence your verdict.  That is a matter entirely up to you.

15.

It is important for you to understand that a defendant in a criminal case has a constitutional right not to testify.  No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that defendant in this case did not testify.

16.

You are free to deliberate over the counts in any order you think most effective.  You may possibly determine that certain counts ought to be considered out of strict numerical sequence.  To repeat, you are not required to address the counts in strict numerical sequence, so long as you decide all of the counts eventually.  This concludes the first part of my instructions.

**United States District Court**
For the Northern District of California

17.

The second part of my instructions concerns the substantive law that bears on this case. This statement of the law pertains to all time periods relevant to this case. Although you have heard and seen evidence concerning legal points, you must take my instructions as supreme on matters of law and an accurate and controlling statement of the law to be applied in reaching your verdict.

18.

The defendant is charged in Counts One through Four of the indictment with committing wire fraud in violation of Section 1343 of Title 18 of the United States Code, in Count Six with obstruction of justice in violation of Section 1503 of Title 18 of the United States Code, in Counts Seven through Nine with perjury in violation of Section 1623(a) of Title 18 of the United States Code, and in Count Ten with aggravated identity theft in violation of Section 1028A(a)(1) of Title 18 of the United States Code. Count 5 is no longer in the case. Again, there are nine charges in the indictment, numbered one through four, and six through ten.

19.

As I've said, you will have in the jury room a copy of the indictment. The copy is redacted to block out what was previously Count Five and matters no longer in this case, leaving only the counts and matters you must consider and decide. That is why you will see a few blank spaces and the word "redacted" in brackets. This is because the indictment was amended. This should not affect your view of the indictment. Again, the indictment is not evidence in any way. It must be used by you only to keep straight the various counts and what is alleged as to each count.

20.

Turning to Counts One through Four, they charge the defendant with wire fraud in violation of Section 1343 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant knowingly devised a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

*Second*, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

*Third*, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

*Fourth*, the defendant used, or caused to be used, interstate wires to carry out or to attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud existed, you may consider not only the defendant's words and statements, but also the circumstances in which they were used as a whole.

A wire fraud involves the use of wire, radio, or television in interstate or foreign commerce.  A wire communication includes a telephone call so long as it involves two different states.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.  It does not matter whether the information wired was itself false or deceptive so long as the wire was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

21.

The indictment goes into more detail in its allegations than must be proven.  What must be proven and proven beyond a reasonable doubt are the elements I have just described as alleged in the various counts.  If the foregoing elements are established, then the government is not required to prove that any particular statement was false.  A false impression can be made even when all statements made were not literally false.  Nor is it necessary for the government to prove that the alleged victim or victims of a scheme to defraud received any misleading statement or received any alleged wire.  It is necessary, however, for the government to prove the specific wire alleged in the count.

9

22.

One issue for you to decide is intent.  In this regard, it is not fraud to make a misstatement based upon an innocent and good-faith mistake.  Under the law, however, fraudulent intent is shown if a representation was made knowing it was untrue, or, even if it were not known to be false, it was made with reckless disregard as to its truth or falsity.  It is for you, the jury, to determine whether or not the government has proven that the defendant intended to defraud.

23.

Turning to Count Six of the indictment, it charges the defendant with obstruction of justice in violation of Section 1503 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant influenced, obstructed, or impeded, or tried to influence, obstruct, or impede the due administration of justice;

*Second*, the obstructive conduct was material to the matter before the court; that is, it had a natural tendency to influence, or was capable of influencing, the court; and

*Third*, the defendant acted corruptly with the intent to obstruct justice. "Corruptly" means that the act must have been done with the purpose of obstructing justice.

24.

Turning to Counts Seven through Nine of the indictment, they charge the defendant with having made a false declaration — also called perjury — in violation of Section 1623(a) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant testified under oath before a court;

*Second*, the testimony was false;

*Third*, the defendant knew that the testimony was false, with all of you agreeing as to which statement or statements was or were false; and

United States District Court
For the Northern District of California

1      *Fourth*, the false testimony was material to the matters before the court; that is, it

2      had a natural tendency to influence, or was capable of influencing, the court.

3 The "materiality" of a false statement is tested at the time the alleged false statement was made.

4 It does not matter if the false testimony actually influenced the court.

5 25.

6      Turning to Count Ten of the indictment, it charges the defendant with aggravated identity

7 theft in violation of Section 1028A(a)(1) of Title 18 of the United States Code.  In order for the

8 defendant to be found guilty of that charge, the government must prove each of the following

9 elements beyond a reasonable doubt:

10      *First*, the defendant knowingly used without legal authority a means of

11      identification of another person;

12      *Second*, the defendant knew that the means of identification belonged to a real

13      person; and

14      *Third*, the defendant did so during and in relation to a violation of Title 18, United

15      States Code, Section 1343, wire fraud, as charged in Count One of the Indictment.

16 26.

17      An act is done knowingly if the defendant is aware of the act and does not act through

18 ignorance, mistake, or accident.  The government is not required to prove that the defendant

19 knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's

20 words, acts, or omissions, along with all the other evidence, in deciding whether the defendant

21 acted knowingly.

22 27.

23      The punishment provided by law for the alleged crimes is for the Court to decide.

24 You may not consider punishment in deciding whether the government has proven its case

25 against the defendant beyond a reasonable doubt.  That is an entirely separate matter not relevant

26 here and on which you should not speculate or base your decision in any way.

27

28

**United States District Court**
For the Northern District of California

11

**United States District Court**
For the Northern District of California

28.

I will now continue with the final third of the instructions.  When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict as to each count, if any, must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

I will give you a special verdict form to guide your deliberations.  However, you do not need to address the questions in the precise order listed.

29.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.  When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberation.

30.

When you retire to the jury room to deliberate, you will have with you the following things:

&bull;     A copy of the indictment, redacted as I have described;

&bull;     All of the exhibits received into evidence;

&bull;     A work copy of these jury instructions for each of you;

&bull;     A work copy of the verdict form for each of you; and

&bull;     An official verdict form.

**United States District Court**
For the Northern District of California

1   Remember that none of these items are evidence except the exhibits.

2   When you recess at the end of a day, please place your work materials in the brown

3   envelope provided and cover up any easels with your work notes so that if my staff needs to go

4   into the jury room, they will not even inadvertently see any of your work in progress.

5   31.

6   A United States Marshal will be outside the jury-room door during your deliberations.

7   If it becomes necessary during your deliberations to communicate with me, you may send a note

8   through the marshal, signed by your foreperson or by one or more members of the jury.

9   No member of the jury should ever attempt to communicate with me except by a signed writing

10   via the Marshal, and I will respond to the jury concerning the case only in writing or here in

11   open court.  If you send out a question, I will consult with the parties before answering it, which

12   may take some time.  You may continue your deliberations while waiting for the answer to any

13   question.  Remember that you are not to tell anyone — including me — how the jury stands,

14   numerically or otherwise, until after you have reached a unanimous verdict or have been

15   discharged.  Do not disclose any vote count in any note to the Court.

16   32.

17   You have been required to be here each day from 7:45 A.M. to 1:00 P.M.  Now that you

18   are going to begin your deliberations, however, you are free to modify this schedule within

19   reason.  For example, if you wish to continue deliberating in the afternoons after a reasonable

20   lunch break, that is fine.  The Court does, however, recommend that you continue to start your

21   deliberations by 8:00 A.M.  If you do not reach a verdict by the end of today, then you will

22   resume your deliberations tomorrow and thereafter.

23   It is very important that you let the Clerk know via the Marshal in advance what hours

24   you will be deliberating so that the lawyers and parties may be present in the courthouse at any

25   time the jury is deliberating.

26   33.

27   You may only deliberate when all twelve of you are together.  This means, for instance,

28   that in the mornings before everyone has arrived or when someone steps out of the jury room to

13

go to the restroom, you may not discuss the case. As well, the admonition that you are not to

speak to anyone outside the jury room about this case still applies during your deliberations.

34.

Now, a word to our alternate jurors. You will not be deliberating with the rest of the jury

at the outset. You are free to leave once the jury begins its deliberations. You may be called in

to replace one of the jurors. Therefore, your responsibilities as an alternate remain in effect.

This means you are not to discuss this case with anyone until you join the regular jury in

deliberations or until a verdict is returned and I expressly release you from service. If it becomes

necessary to have you replace a juror, you will be asked to return to the court. You will then be

sworn into the main jury and you and the rest of the jury will begin deliberations anew. If you

will not be needed, you will be notified as soon as the Court itself makes that determination.

We will pause for a moment now for our alternates to be escorted out — with our thanks.

35.

After all twelve of you have reached a unanimous agreement on a verdict, your

foreperson will fill in, date and sign the verdict form and advise the Court through the Marshal

that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and

bring it into the courtroom when the jury returns the verdict. Thank you for your careful

attention. The case is now in your hands. You may now retire to the jury room and begin your

deliberations.

Dated: December __, 2010.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,                    No. CR 10-0068 WHA

         Plaintiff,

   v.                                                      **SPECIAL VERDICT FORM**

JOHN BROSNAN,

         Defendant.

_____/

       YOU MAY APPROACH THE FOLLOWING QUESTIONS IN ANY ORDER YOU WISH, BUT YOUR

ANSWERS MUST BE **UNANIMOUS**.

Count One      Has the government proven beyond a reasonable doubt that defendant John
Brosnan is guilty of wire fraud, in violation of 18 U.S.C. § 1343, as charged in
Count One of the indictment?

               Yes, Guilty _____          No, Not Guilty _____

Count Two      Has the government proven beyond a reasonable doubt that defendant John
Brosnan is guilty of wire fraud, in violation of 18 U.S.C. § 1343, as charged in
Count Two of the indictment?

               Yes, Guilty _____          No, Not Guilty _____

Count Three    Has the government proven beyond a reasonable doubt that defendant John
Brosnan is guilty of wire fraud, in violation of 18 U.S.C. § 1343, as charged in
Count Three of the indictment?

               Yes, Guilty _____          No, Not Guilty _____

Count Four     Has the government proven beyond a reasonable doubt that defendant John
Brosnan is guilty of wire fraud, in violation of 18 U.S.C. § 1343, as charged in
Count Four of the indictment?

               Yes, Guilty _____          No, Not Guilty _____

| | | |
|---|---|---|
| 1 | Count Six | Has the government proven beyond a reasonable doubt that defendant John Brosnan is guilty of obstruction of justice, in violation of 18 U.S.C. § 1503, as charged in Count Six of the indictment? |
| 2 | | |
| 3 | | Yes, Guilty _____          No, Not Guilty _____ |
| 4 | Count Seven | Has the government proven beyond a reasonable doubt that defendant John Brosnan is guilty of making a false declaration, also called perjury, in violation of 18 U.S.C. § 1623(a), as charged in Count Seven of the indictment? |
| 5 | | |
| 6 | | Yes, Guilty _____          No, Not Guilty _____ |
| 7 | Count Eight | Has the government proven beyond a reasonable doubt that defendant John Brosnan is guilty of making a false declaration, also called perjury, in violation of 18 U.S.C. § 1623(a), as charged in Count Eight of the indictment? |
| 8 | | |
| 9 | | Yes, Guilty _____          No, Not Guilty _____ |
| 10 | Count Nine | Has the government proven beyond a reasonable doubt that defendant John Brosnan is guilty of making a false declaration, also called perjury, in violation of 18 U.S.C. § 1623(a), as charged in Count Nine of the indictment? |
| 11 | | |
| 12 | | Yes, Guilty _____          No, Not Guilty _____ |
| 13 | Count Ten | Has the government proven beyond a reasonable doubt that defendant John Brosnan is guilty of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), as charged in Count Ten of the indictment? |
| 14 | | |
| 15 | | Yes, Guilty _____          No, Not Guilty _____ |

**CONCLUSION**

ONCE YOU HAVE FINISHED ANSWERING ALL QUESTIONS UNANIMOUSLY, PLEASE HAVE

THE FOREPERSON SIGN AND DATE THIS FORM, THEN CONTACT THE DEPUTY OR MARSHAL TO

INFORM HIM OR HER THAT YOU HAVE COMPLETED YOUR DELIBERATIONS.


Dated:                               _____
                                     Foreperson

**United States District Court**
For the Northern District of California

2

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**
**CRIMINAL DIVISION**
VENUE:  SAN FRANCISCO



UNITED STATES OF AMERICA,

JOHN BROSNAN **CR10      0068**

DEFENDANT.

## INDICTMENT

18 U.S.C. § 1343 - Wire Fraud (Counts 1-5);
18 U.S.C. § 1503 - Obstruction of Justice (Count 6);
18 U.S.C. § 1623(a) - Perjury (Counts 7-9);
18 U.S.C. §§ 1028(a)(1) - Aggravated Identity Theft
(Count 10)

A true bill.

_____
                              Foreman

Filed in open court this ___2~ᵈ___ day of

_____February____2010_____

                              Clerk
                   **Brenda Tolbert**

_____ Bail, $_____  NO BAIL ARREST WARRANT

**Maria Elena James**
United States Chief Magistrate Judge


AO 257 (Rev. 6/78)

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT**

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

─── **OFFENSE CHARGED** ───

Count 1 through 5: 18 U.S.C. § 1343 - Wire Fraud
Count 6: 18 U.S.C. § 1503 - Obstruction of Justice
Count 7: 18 U.S.C. § 1623(a) - Perjury
Count 8: 18 U.S.C. § 1623(a) - Perjury
Count 9: 18 U.S.C. § 1623(a) - Perjury
Count 10: 18 U.S.C. §§ 1028(a)(1) - Aggravated Identity Theft

☐ Petty
☐ Minor
☐ Misde-
      meanor
☒ Felony

PENALTY:
   SEE ATTACHMENT

─── Name of District Court, and/or Judge/Magistrate Location ───

NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIF.

2010 DEC -2   P 4:03

**JSW**

┌ **DEFENDANT - U.S**

▶ JOHN BROSNAN

**DISTRICT COURT NUMBER**

CR 10 0068

**DEFENDANT**

─────── **PROCEEDING** ───────

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court,
     give name of court

☐ this person/proceeding is transferred from another district
     per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
     charges previously dismissed
     which were dismissed on motion
     of:                                                  **SHOW
                                                         DOCKET NO.**
     ☐ U.S. ATTORNEY   ☐ DEFENSE  }

☐ this prosecution relates to a
     pending case involving this same
     defendant                                    **MAGISTRATE
                                                     CASE NO.**
☐ prior proceedings or appearance(s)
     before U.S. Magistrate regarding this
     defendant were recorded under         }

Name and Office of Person
Furnishing Information on this form     JOSEPH P. RUSSONIELLO

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)        ROBIN L. HARRIS

**IS *NOT* IN CUSTODY**
      Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
      summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction                        }
6) ☐ Awaiting trial on other charges          } ☐ Federal ☐ State
      If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes        If "Yes"
been filed?    ☐ No        give date
                                  filed
**DATE OF**                  Month/Day/Year
**ARREST** ▶

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED** ▶    Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

────── **ADDITIONAL INFORMATION OR COMMENTS** ──────

**PROCESS:**
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT     Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

Date/Time: _____   Before Judge: _____

Comments:

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

## U.S. v. JOHN BROSNAN
## PENALTY SHEET ATTACHMENT

### Count 1 through 5:  18 U.S.C. § 1343 – Wire Fraud (each count)
20 years imprisonment; $250,000 fine (or 2X gain or loss, whichever is greater) 5 yrs
supervised release; $100 special assessment

### Count 6:  18 U.S.C. § 1503 – Obstruction of Justice
10 yrs imprisonment; $250,000 fine; 3 yrs supervised release; $100 special assessment

### Count 7 through 9:  18 U.S.C. § 1623(a) – Perjury (each count)
5 yrs imprisonment; $250,000 fine; 1 yr supervised release; $100 special assessment

### Count 10: U.S.C. § 1028(a) – Aggravated Identity Theft
2 yr mandatory, consecutive sentence; $250,000 fine; 1 yr supervised release; $100
special assessment

1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2

3

4

5                                                         

6                                                    JSW

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

12  UNITED STATES OF AMERICA,        )  CR10          0068
                                     )
13       Plaintiff,                  )  VIOLATIONS: Title 18, United States
                                     )  Code, Section 1343 (Wire Fraud);18
14       v.                          )  U.S.C. § 1503 (Obstruction of Justice);
                                     )  18 U.S.C. § 1623(a) (Perjury); 18 U.S.C.
15  JOHN BROSNAN,                    )  § 1028A (Aggravated Identity Theft)
                                     )
16       Defendant.                  )
                                     )
17  _____ )

18                         I N D I C T M E N T

19       The Grand Jury charges:

20                            Background

21       1. Defendant JOHN BROSNAN ("Brosnan") is an individual who, during various

22  periods relevant to this indictment, resided in the Northern District of California.

23       2. An involuntary Chapter 7 Bankruptcy petition is a court filing that may be made

24  by creditors holding claims against a debtor. A Chapter 7 Bankruptcy petition is available

25  to help prevent losses to the creditors in the event that a debtor is dissipating assets. In

26  order to file a Chapter 7 Bankruptcy petition when a debtor has twelve or more creditors,

27  there must be a minimum of three creditors who file claims in the Chapter 7 petition.

28

INDICTMENT

1    3. On August 31, 2006, BROSNAN, Jean Whitley and William Whitley ("the
2 Whitleys"), filed an involuntary Chapter 7 bankruptcy petition ("the bankruptcy petition")
3 in the bankruptcy court in the Northern District of California against Don Oberle
4 ("Oberle"). To satisfy the Chapter 7 petition's requirement of three minimum creditors,
5 BROSNAN joined the Whitleys in the petition by putting in a claim for \$2.00.

6    4. On September 28, 2006, Oberle filed an adversary proceeding whereby he
7 countersued the Whitleys and BROSNAN, alleging that the bankruptcy petition was filed
8 in bad faith and that the petition damaged Oberle's business. Oberle was represented in
9 the bankruptcy petition and adversary proceeding by, among others, attorney Joshua D.
10 Brysk of the law office of James G. Schwartz.

11    5. On August 3, 2007, the bankruptcy court dismissed the bankruptcy petition and
12 awarded Oberle his attorney's fees.

13                      Brosnan Sues Oberle And Others In Federal Court

14    6. On or about August 21, 2007, BROSNAN, acting independently and filing *pro*
15 *se*, sued Oberle, Brysk, Schwartz and others in United States District Court in the
16 Northern District of California in *Brosnan v. Oberle, et al*, 07 CV-04337 WHA ("the
17 lawsuit"). In the lawsuit, BROSNAN sought damages of \$150,000.

18    7. As of May 1, 2008, BROSNAN had not served Brysk or Schwartz with the
19 lawsuit.

20    8. On or about May 1, 2008, a Case Management Conference ("CMC") was
21 scheduled before the federal district court judge assigned to proceed over the lawsuit.
22 BROSNAN failed to appear at the CMC.

23    9. On or about May 1, 2008, the district court judge filed an order dismissing the
24 lawsuit.

25    10. On or about May 19, 2008, BROSNAN electronically filed with the district
26 court a request for reconsideration of the court's dismissal of the lawsuit. BROSNAN
27 supported his request for reconsideration by attaching a copy of a letter addressed to
28 BROSNAN which was dated April 16, 2008 and was purportedly written and signed by

INDICTMENT                                                 2

Brysk ("the continuance letter"). The continuance letter advised that Brysk would now be representing Oberle in the lawsuit and stated that the district court had granted a continuance and removed the May 1, 2008 CMC from the court's calendar.

### The District Court Conducts an Evidentiary Hearing

11. On or about May 28, 2008, the district court issued an order vacating the dismissal of the lawsuit and ordering all parties, including BROSNAN, Oberle, Brysk and Schwartz to attend an evidentiary hearing to determine the authenticity of the continuance letter.

12. On or about June 19, 2008, the district court conducted an evidentiary hearing. At the evidentiary hearing, BROSNAN testified under oath that he received the continuance letter in the mail before May 1, 2008. BROSNAN further denied under oath that he had any information concerning who wrote the continuance letter.

### The Scheme to Defraud

13. Beginning no later than on or about May 19, 2008 and continuing until on or about June 19, 2008, defendant BROSNAN did knowingly devise and intend to devise a material scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions of material facts, and, for the purpose of executing such scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds. More specifically, defendant BROSNAN knowingly and intentionally fabricated documents and committed perjury to persuade the district court judge to reinstate the lawsuit in order to enable BROSNAN to recover $150,000 from Oberle, Brysk, Schwartz and others. BROSNAN accomplished this fraud by the following acts, among others:

(a) On May 19, 2008 at approximately 7:19 a.m. BROSNAN created the continuance letter on his personal computer by using "photo shop" software;

[Redacted]

INDICTMENT                         3

1

2 [Redacted]

3    (c) On May 19, 2008 at approximately 7:39 a.m. BROSNAN created another letter

4  to the district court judge requesting reinstatement of the lawsuit and referenced and

5  attached the continuance letter BROSNAN created earlier that morning;

6    (d) On May 19, 2008, at approximately 7:47 a.m., BROSNAN electronically filed

7  both the continuance letter and the letter he wrote to the district court with the Electronic

8  Case Filing ("ECF") system used to file court documents for cases venued in the Northern

9  District of California;

10    (e) On June 19, 2008, BROSNAN made material false statements under oath at an

11  evidentiary hearing in United States District Court concerning, among other matters, his

12  receipt of the continuance letter and his knowledge about the creation of the continuance

13  letter.

14  **COUNTS ONE THROUGH FIVE** :    (18 U.S.C. § 1343 – Wire Fraud)

15    14. Paragraphs 1 through 13 are realleged and incorporated herein by reference.

16    15. From at least May 19, 2008 and continuing through at least June 19, 2008 in

17  the Northern District of California and elsewhere, the defendant,

18                              JOHN BROSNAN,

19  for the purpose of executing his scheme and artifice to defraud, and to obtain money and

20  property by means of materially false and fraudulent pretenses and representations, did

21  transmit and cause to be transmitted by means of wire communication in interstate

22  commerce, certain writings, signs, signals, pictures, and sounds, namely, the wire

23  communications described below:

24

| COUNT | DATE | WIRE |
|-------|------|------|
| 1 | May 19, 2008 | Transmission of "Letter to U.S. District Court Judge from John Brosnan regarding Letter received from Joshua Brysk regarding continuance of the May 1, 2008 hearing" which generated an email from the U.S. District Court's server in San Francisco to Brosnan's Internet server in Las Vegas, Nevada |

25

26

27

28

INDICTMENT                              4

| COUNT | DATE | WIRE |
|-------|------|------|
| 2 | May 27, 2008 | Transmission of letter from Brosnan to U.S. District Court Judge alleging that Don Oberle wrote the "April 16, 2008" continuance letter which generated an email from the U.S. District Court's server in San Francisco to Brosnan's Internet server in Las Vegas, Nevada |
| 3 | May 28, 2008 | Transmission of an order from the U.S. District Court in San Francisco ordering an evidentiary hearing which generated an email from the U.S. District Court's server in San Francisco to Brosnan's Internet server in Las Vegas, Nevada |
| 4 | May 30, 2008 | Transmission of an order from the U.S. District Court in San Francisco directing Brosnan to bring the original "continuance letter" with him to the evidentiary hearing which generated an email from the U.S. District Court's server in San Francisco to Brosnan's Internet server in Las Vegas, Nevada |

[Redacted]

All in violation of Title 18, United States Code, Section 1343.

**COUNT SIX** (18 U.S.C. §1503– Obstruction of Justice)

16. Paragraphs 1 through 13 of this are realleged and incorporated as if fully set forth here.

17. Beginning on or about May 19, 2008 and continuing through on or about June 19, 2008, in the Northern District of California, the defendant,

JOHN BROSNAN,

did corruptly endeavor to influence, obstruct, and impede the due administration of justice by creating a fraudulent continuance letter and falsely backdating the continuance letter to April 16, 2008 and thereafter falsely testifying under oath that he had no information about who wrote the continuance letter, all in an effort to influence and obstruct and impede the United States District Court in the lawsuit 07-CV-04337 pending before the United States District Court; in violation of Title 18, United States Code, Section 1503.

INDICTMENT                                        5

1   **COUNT SEVEN**: (18 U.S.C. § 1623(a) – Perjury)

2       18.  Paragraphs 1 through 13 of this Indictment are realleged and incorporated as if

3   fully set forth here.

4       19.  On or about June 19, 2008, in the Northern District of California, the defendant,

5                                    JOHN BROSNAN,

6   having taken an oath before a competent person that he would testify truthfully at an oral

7   proceeding before a court of the United States, namely a hearing in connection with the

8   lawsuit 07-CV-4337, did knowingly and contrary to his oath testify and declare falsely as

9   to material matters, in that he was asked how he got the letter dated April 16, 2008 that

10  purported to be written and signed by Mr. Brysk and he gave the following testimony (the

11  underlined portions of which were knowingly false):

12
            Q: Tell me the full story of how you got this letter dated April 16 [2008]
13          that purports to be from Mr.Brysk

14          A: I received an envelope in the mail.  I get quite a bit of mail.  When I get
            documents that are related to a case, I open them up, read them, scan them,
15          adjust my calendar and schedule accordingly.

16  when in truth, as the defendant well knew, he created the continuance letter on May 19,

17  2008; in violation of Title 18, United States Code, Section 1623(a).

18  **COUNT EIGHT**: (18 U.S.C. § 1623(a) – Perjury)

19      20.  Paragraphs 1 through 13 of this Indictment are realleged and incorporated as if

20  fully set forth here.

21      21.  On or about June 19, 2008, in the Northern District of California, the defendant,

22                                   JOHN BROSNAN,

23  having taken an oath before a competent person that he would testify truthfully at an oral

24  proceeding before a court of the United States, namely a hearing in connection with the

25  lawsuit 07-CV-4337, did knowingly and contrary to his oath testify and declare falsely as

26  to material matters, in that he was asked whether he received the letter dated April 16,

27  2008 that purported to be written and signed by Mr. Brysk before May 1, 2008 and he

28  gave the following testimony (the underlined portions of which were knowingly false):

INDICTMENT                                6

1   Q: []When did you purportedly receive this letter?

2   A: I don't know the exact date I received it.

3   Q: Was it before May 1?  That was the date of the [CMC] hearing

4   A: Yes.  Well, yeah, it would have been before.

5
6   when in truth, as the defendant well knew, he created the continuance letter on May 19,
    2008; in violation of Title 18, United States Code, Section 1623(a).

7   **COUNT NINE**: (18 U.S.C. § 1623(a) – Perjury)

8
9   22.  Paragraphs 1 through 13 of this Indictment are realleged and incorporated as if
    fully set forth here.

10  23.  On or about June 19, 2008, in the Northern District of California, the defendant,

11                          JOHN BROSNAN,

12  having taken an oath before a competent person that he would testify truthfully at an oral

13  proceeding in connection with the lawsuit 07-CV-04337, did knowingly and contrary to

14  his oath testify and declare falsely as to material matters, in that he was asked whether he

15  had any information as to who wrote the continuance letter dated April 16, 2008 and he

16  gave the following testimony:

17
18          Q: Do you have any information, Mr. Brosnan, hearsay or otherwise, as to
            who wrote the letter?

19          A: No.

20  when in truth, as the defendant well knew, he created the continuance letter on May 19,

21  2008; in violation of Title 18, United States Code, Section 1623(a).

22  **COUNT TEN**: (18 U.S.C. §§ 1028A(a)(1) – Aggravated Identity Theft)

23  24.  The factual allegations in paragraphs 1 through 13 and paragraph 15,  including

24  the scheme to defraud described therein, are re-alleged and incorporated herein as if set

25  forth in full.

26  25.  On or about May 19, 2008, in the Northern District of California, the defendant,

27                          JOHN BROSNAN,

28  did knowingly possess and use, without lawful authority, a means of identification of

INDICTMENT                          7

1    another person, namely, the (a) name and (b) law firm letterhead, during and in relation to

2    felony violations of Title 18, United States Code, Section 1343, as alleged in Count One;

3    in violation of Title 18, United States Code, Section 1028A(a)(1).

4

5    DATED:                             A TRUE BILL

6    Feb 2, 2010

7                                     FOREPERSON

8    JOSEPH P. RUSSONIELLO
     United States Attorney

9

10

11    BRIAN J. STRETCH
     Chief, Criminal Division

12    (Approved as to form: _Harris_ )

13                AUSA Robin Harris

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT                            8