IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JOHN BROSNAN,

    Defendant.
                              /

No. CR 10-0068 WHA

**ORDER REGARDING EVIDENCE REGARDING MOTION FOR A NEW TRIAL**

After a conviction for fabricating computerized evidence, the pending motion for a new trial is based solely on a newly discovered storage device that would have exonerated defendant or so it is claimed. The government's right to examine the authenticity of this new evidence is not in doubt save for one timing issue: new counsel is coming in to represent defendant (due to old counsel's recent conflict) and new counsel wants time to consult with defendant to decide whether to withdraw the pending motion for a new trial. To complicate matters, old counsel now report that the "original" evidence was somehow corrupted while in their custody or the custody of counsel's forensic expert. A forensic copy appears to have been made by the expert. (And defendant's declaration in support of the pending motion states that he made a copy of the document at issue.)

Given this unfortunate development, the Court is unwilling to delay any longer the turnover to the government of the original evidence as well as the forensic copy. This must be done by **4:00 P.M. TODAY** (Thursday, March 17).

If it turns out that defendant withdraws the motion, so be it. The legal effect of such a withdrawal on any criminal liability for submitting false evidence (assuming arguendo it was false) is not now clear. In the meantime the motion *is* still pending, it may never be withdrawn, and the Court is unwilling to risk further degradation of the evidence associated with the motion. Nor is the Court willing to hold the evidence for "safekeeping," as suggested. Of course, the government must keep whatever it receives in its original condition, may not engage in destructive testing without prior court approval, and must faithfully observe proper chain of custody protocols. It may, however, test the evidence using any non-destructive methods.

As for the copy held by defendant, that was not part of the earlier turnover order and as defendant is now represented by new counsel, this order does not address that copy other than to order that it must be maintained by defendant or his new counsel exactly as is and may not be modified in any way. New counsel should take immediate steps to insure this and to take custody.

This order is in the context of ruling on a pending motion for a new trial and regulating access to evidence related thereto. It does not address the subpoena or search warrant authority of the grand jury or the United States Attorney to obtain evidence in connection with possible federal offenses. (This order does not and need not, of course, find that any new crimes have been committed.)

The hearing on the motion for a new trial will now be on **APRIL 5, 2011, AT 2:00 P.M.** New counsel may have until **MARCH 30, 2011**, to decide whether to withdraw the motion. If he does withdraw it, the sentencing will go forward on April 5.

**IT IS SO ORDERED.**

Dated: March 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2