IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN BROSNAN,

    Defendant.

    /

No. CR 10-0068 WHA

**MEMORANDUM OPINION REGARDING ORDER DENYING DEFENDANT'S REQUEST FOR BAIL PENDING APPEAL**

In their opposition to the government's motion to remand the defendant to custody, defense counsel requested that defendant be allowed to remain out of custody on bail pending appeal. That request was reiterated at the sentencing and motion hearing on April 5, 2011. Defendant's request was **DENIED**, for the reasons stated at the hearing and further set out below.

To be entitled to release pending appeal, a defendant bears the burden to prove: "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in– (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. 3143(b)(1); *United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

Defendant carried his burden as to subpart (A), by showing by clear and convincing evidence that he is not likely to pose a danger to the safety of any other person or the

community if released. For the same reasons that he was not remanded to custody immediately following sentencing, but was instead allowed to self-surrender, he has met his burden at this time by complying with his bail conditions to date and by not demonstrating dangerousness.

As to subpart (B), however, defendant has not carried his burden to raise a substantial question of law or fact likely to result in reversal or an order for a new trial, the two grounds on which he moved. "[T]he word 'substantial' defines the level of merit required in the question raised on appeal, while the phrase 'likely to result in reversal' defines the type of question that must be presented." *United States v. Handy*, 761 F.2d 1279, 1281 (9th Cir. 1985). A "substantial question" is one that is "fairly debatable." *Id.* at 1283.

Defense counsel argue that the following are substantial questions for appeal likely to result in reversal or an order for a new trial.

*First*, counsel assert the "[w]rongful denial of [their] motion to suppress." For the reasons stated in docket number 17, this memorandum finds that defendant's motion to suppress does not present a substantial question.

*Second*, counsel assert the fact that "[t]he Court . . . failed to recuse itself" presents a substantial question. Counsel's statement is misleading. The undersigned referred defendant's motion to recuse to another randomly-assigned judge for decision (Dkt. Nos. 64 and 66). The motion was thereafter denied, not by the undersigned, but by Judge Jeffrey White. For the reasons stated in docket number 82, defendant's motion to recuse (or the fact that the undersigned did not otherwise recuse himself) does not present a substantial question.

*Third*, counsel assert the "[i]mproper introduction of 404(b) evidence." For reasons stated in docket number 30, this memorandum finds that this does not present a substantial question. The facts of the *Alki Mortgage* case — to which defense counsel refer — were probative of "intent, preparation, plan, [and] knowledge." As reiterated during trial (out of the presence of the jury), these proved to be very relevant issues given the defense theory of the case.

*Fourth*, counsel assert the "[f]ailure to grant a continuance when confronted by late disclosure of forensic evidence" presents a substantial question. This statement, too, is

2

misleading. The trial schedule was adjusted to accommodate the schedule of the defense forensic expert (Dkt. Nos. 69 and 85). True, a second motion for continuance was denied without prejudice to further motion if the defense expert uncovered something exculpatory from the evidence that was the basis for the motion (Dkt. No. 104). But the defense did not discover anything exculpatory from that evidence (as far as we know). Moreover, defense counsel have not submitted portions of transcripts of the trial or pre-trial proceedings or otherwise identified how the government's examination of the forensic expert *concerning the "late" disclosed evidence* was "material and prejudicial," as they now claim.

*Fifth*, counsel assert the "[i]mproper admission of government expert testimony." They state: "When discovering that its expert had not testified in a fashion necessary to establish a jurisdictional element of the offense, the Government sought and obtained permission to call a new expert with one day's notice in violation of clearly established rules regarding expert notice and discovery." It is unclear what defense counsel are even referring to, as no details are provided. If they are referring to one of the government's fact witnesses as an expert, they fail to intimate why such fact witness should properly be characterized as a late-noticed expert and have thus not shown a substantial question on this basis.

*Sixth*, counsel bundle together "improper evidentiary rulings" as presenting a substantial question, "including the use of a lay witness to introduce documents without any personal or other appropriate foundation knowledge." Again, it is unclear what specific evidentiary ruling or rulings counsel are referring to. Defense counsel do not meet their burden with such unsupported assertions.

*Seventh*, counsel assert the government's failure to present a witness to specifically identify defendant during trial presents a substantial question. As stated when this was raised by defense counsel in support of their Rule 29 motion, there was no doubt in anyone's mind throughout the trial who Mr. Brosnan was and who the evidence pertained to (Dkt. No. 141). Defense counsel present no legal authority in support of their argument that such witness identification was required and as such do not meet their burden.

3

This memorandum finds that the issues presented are not "fairly debatable" and thus do not raise a substantial question of law or fact likely to result in reversal or an order for a new trial. As stated at the hearing on April 5, defendant shall self-surrender on May 6, 2011, at noon, on the 20th floor of the courthouse, or sooner in accordance with any designation by the Bureau of Prisons.

Dated: April 7, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4