IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-0068 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR RETURN OF SEIZED PROPERTY** |
| JOHN BROSNAN, | |
| Defendant. | |

Defendant moves "pursuant to Fed. R. Crim. P. 41(g) for the return of all property seized from the defendant in the possession of the Government which was not introduced in the trial in this matter." The motion does not identify the specific property that defendant seeks return of, except to say that it "includes" computers and other electronic devices. Defendant cites no legal authority in support.

Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." If, however, the government's need for the property as evidence continues, a motion for return of property is properly denied. *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993).

Here, the government states that the property must be retained because it constitutes evidence or contains evidence needed if a re-trial is necessary. Defendant provides no authority pursuant to which he is entitled to the return of the unspecified property at this stage, when he is

concurrently appealing his conviction. As the moving party, defendant does not cite any legal authority in support of his motion or address why he is entitled to return of the property now.

In addition and significantly, defendant does not specify what property is at issue. This order thus cannot determine whether for any particular item of evidence the government's evidentiary need has terminated. As such, the motion is **DENIED**. This is without prejudice to bringing a renewed motion with supporting authority and specifying the property at issue, if and when appropriate.

**IT IS SO ORDERED.**

Dated: June 15, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE