IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-0068 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING GOVERNMENT'S MOTION FOR RESTITUTION** |
| JOHN BROSNAN, | |
| Defendant. | |

The government moves for the Court to amend the judgment in this matter to award restitution of $4500 to Joshua Brysk. Defendant John Brosnan was found guilty by a jury verdict of nine counts including wire fraud, obstruction of justice, perjury, and aggravated identity theft, on December 8, 2010. Defendant was sentenced to 40 months imprisonment on April 5, 2011.

The government's motion is untimely. Pursuant to 18 U.S.C. 3664, the procedure for the issuance of an order of restitution to a victim includes that counsel for the government shall "not later than 60 days prior to the date initially set for sentencing, . . . after consulting, to the extent practicable, with all identified victims, [] promptly provide the probation officer with a listing of the amounts subject to restitution." 18 U.S.C. 3664(d)(1). Then, there is a process for determining an appropriate amount of restitution, if any, through the sentencing process. Section 3664 further states:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

18 U.S.C. 3664(d)(5).

The instant motion is the first the time the government has requested restitution for Mr. Brysk. Government counsel did not comply with the procedures provided by Section 3664 to obtain issuance of an order of restitution. Nor has the government shown good cause for its failure to include such losses in a timely claim for restitutionary relief. Its motion asserts — without supporting documentation — that Mr. Brysk should be compensated at a rate of $300 per hour for the 14.9 hours he spent assisting the government in preparation for trial and by testifying at trial. Mr. Brysk and government counsel knew of these facts at the time the jury rendered its verdict. Moreover, as it does not include a sworn record in support of the request for an award of $4500 to Mr. Brysk, the government has not met its burden to show by a preponderance of the evidence "the amount of the loss sustained by a victim as a result of the offense." 18 U.S.C. 3664(e). Therefore, the government's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 6, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2