IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN BROSNAN,<br><br>  Defendant.<br>                                                          / | No. CR 10-00068 WHA<br><br>**ORDER DENYING MOTION FOR EVIDENTIARY HEARING REGARDING TESTIMONY OF JOSHUA BRYSK** |

Defendant John Brosnan moves for an evidentiary hearing regarding the testimony of attorney Joshua Brysk (Dkt. No. 252). In this motion, defendant asserts that Brysk perjured himself at defendant's criminal trial. Defendant specifically contends that as of March 2008, Brysk knew about defendant's civil action against him — *Brosnan v. Oberle, et al.*, No. 07-04337 WHA (N.D. Cal. 2007) — and that Brysk later testified at the criminal trial that he only became aware of the civil action after May 19, 2008. For evidence, defendant relies on the declaration of Robert Jacobsen and the testimony of attorney James Schwartz from *Brosnan v. Oberle* to contend that Schwartz received notice of the civil action in March 2008. Under defendant's reasoning, it is therefore "inconceivable" that Schwartz would not have told Brysk about the civil action at that time (Br. 4). Defendant was convicted in December 2010.

Because defendant appears to seek a new criminal trial based on Jacobsen's declaration and Schwartz's testimony, this order addresses the current motion under Federal Rule of Criminal Procedure 33. Under Rule 33(b)(1), "[a]ny motion for a new trial grounded on newly

discovered evidence must be filed within 3 years after the verdict or finding of guilt." Rule 33(b)(2) further states that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."

Here, defendant does not assert that the evidence concerning Jacobsen and Schwartz is newly discovered. Nor can he, given that defendant could have informed his attorney about Jacobsen's role in providing notice or Schwartz's testimony from *Brosnan v. Oberle* at any time before his criminal trial. Additionally, more than 14 days have passed since defendant's conviction in December 2010. Defendant's motion for an evidentiary hearing is thus untimely and must be **DENIED.**

**IT IS SO ORDERED.**

Dated: September 24, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE