IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN BROSNAN,

    Petitioner,

  v.

UNITED STATES OF AMERICA,

    Respondent.

No. C 10-00068 WHA

**THIRD ORDER DENYING MOTION FOR DISCOVERY**

    Petitioner moves for a discovery order directing the Contra Costa County District Attorney's Office to provide him with "copies of all documents which concern, refer, reflect or associated with the case styled People v. Doso, case number C06-00155, filed in Contra Costa County Superior Court" (Br. at 1).

    A habeas petitioner has no federal right, constitutional or otherwise, to discovery in habeas proceedings. *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993). However, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practice and principles of law." Rule 6 (a) of Rules Governing Section 2255 Proceedings ("2255 Rules"). Good cause exists when there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Here, petitioner does not explain how the documents would explain why he's entitled to habeas relief. Even if the documents in *People v. Doso* "conclusively show that Schwartz, Oberle and Brysk were aware that CLF was operating illegally," petitioner's habeas action is not a venue to re-

prosecute his dismissed civil case against those three individuals. Moreover, the alleged facts that petitioner would discover would not, as petitioner claims, make it "abundantly clear" that either Brysk forged the letter or that the letter was "executed to derail *Brosnan v. Overle*" (Br. at 3–4). As petitioner admits, he already knows the outcome of *Doso* and the accompanying consent degree. The undersigned judge will not authorize a clearly overbroad discovery request that may disclose confidential or sealed information absent good cause.

This is petitioner's third discovery request. Petitioner is hereby reprimanded and should remember that any future discovery requests cannot to be used for "fishing expeditions to investigate mere speculation" or to "explore [his] case in search of its existence." *Calderon v. United States District Court for the Northern District of California*, 98 F.3d 1102, 1106 (9th Cir.1996) (citations omitted).

**IT IS SO ORDERED.**

Dated: December 4, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE