IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN BROSNAN,<br><br>Defendant. | No. CR 10-00068 WHA<br><br>**ORDER DENYING SECTION 2255 MOTION** |

## INTRODUCTION

Defendant moves *pro se* to vacate, set aside, or correct his conviction, judgment, and sentence under 28 U.S.C. 2255. For the reasons stated below, defendant's motion is **DENIED**.

## STATEMENT

This criminal action arose after a protracted series of civil lawsuits between defendant John Brosnan and another individual, Jon Oberle, that began in the bankruptcy court. After the undersigned judge affirmed the bankruptcy court's decision, awarding fees in favor of Oberle, Brosnan brought a separate civil action, *Brosnan v. Oberle, et al.*, No. 07-04337 WHA (N.D. Cal. 2007), suing for damages and fees related to the recently-affirmed bankruptcy action. Therein, Brosnan sued Oberle and Attorneys Joshua Brysk and James Schwartz, who had represented Oberle in the earlier bankruptcy proceeding. Finding that this action was duplicative of the previous appeal from the bankruptcy court, the undersigned judge eventually dismissed the action.

The instant criminal matter arose out of conduct in the 2007 civil action, before its termination. Specifically, on May 1, 2008, neither party appeared at a routine case management conference. Brosnan then sent a letter to the Court, stating that he had not appeared because he had received a letter from Oberle's attorney, Brysk, informing him that the case management conference had been continued and that he need not appear. Upon inquiry from the Court, Attorney Brysk denied writing any such letter. A hearing occurred to get to the bottom of it. Oberle there insisted the alleged attorney letter had been a forgery created by Brosnan, who countered that it had been a forgery by Oberle. After conducting an evidentiary hearing in which both Brosnan and Oberle testified under oath, the undersigned judge referred both accusations of forgery to the United States Attorney's Office (*Oberle* Dkt. Nos. 16, 19, 28).

After an investigation by the FBI, the government charged Brosnan with wire fraud, obstruction of justice, perjury, and aggravated identification theft in connection with the submission of the fabricated Brysk letter. A jury convicted Brosnan in December 2010. Brosnan received 40 months imprisonment, followed by three years of supervised release (Dkt. No. 181).

In March 2011, Brosnan filed a motion for a new trial based on newly discovered evidence (*United States v. Brosnan*, No. 10-00068 WHA, Dkt. No. 143). Shortly thereafter, defense counsel filed a notice of potential conflict of interest. The undersigned judge then appointed new counsel, Attorney Frank Bell. Attorney Bell investigated the claim and withdrew the motion, acknowledging that the evidence was, "at best, neutral." Defendant then appealed his conviction to our court of appeals, which affirmed. The United States Supreme Court denied his petition for a writ of certiorari (Dkt. Nos. 158, 220, 223, 228, 230, 249).

Now on supervised release, Brosnan moves for collateral relief under Section 2255.

**ANALYSIS**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. 2255, filed in the court which imposed sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Under Section 2255, the federal sentencing court may grant relief if it

2

1  concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the
2  United States. *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief,
3  defendant must demonstrate the existence of an error of constitutional magnitude which had a
4  substantial and injurious influence on the guilty plea or the jury's verdict. *Brecht v.*
5  *Abrahamson*, 507 U.S. 619, 637 (1993).

6  Defendant's habeas petition raises 34 separate claims for relief. Claims 3, 9, 30, and 32
7  cannot be addressed because they are incomprehensible. Claim 3 begins mid-sentence, there is
8  no claim 9, and claim 30 ends mid-sentence. Claim 32 is titled "material omissions," but does
9  not identify any omissions.

10  While there is some overlap, defendant's remaining claims can be separated into three
11  categories: (1) ineffective assistance of counsel claims (2, 5–8, 10–12, 14, 29, 33–34); (2) *Brady*
12  claims (16–23, 25–27, 31); and (3) Brysk claims (1, 4, 13, 15, 24, 28).

13  **1.  INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS.**

14  To establish ineffective assistance of counsel, a defendant must show: (1) counsel's
15  performance was deficient under the standards of reasonable lawyering, *i.e.*, it "fell below an
16  objective standard of reasonableness," and (2) "there is a reasonable probability that, but for
17  counsel's unprofessional errors, the result of the proceeding would have been different."
18  *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

19  As to the first prong, there is a "strong presumption that counsel's performance f[ell]
20  within the wide range of professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381
21  (1986). Performance will fall outside the range of acceptable professional assistance if it falls
22  below "an objective standard of reasonableness," as determined by the prevailing professional
23  norms. *Strickland*, 466 U.S. at 687–88. To prove prejudice under the second prong, a
24  "reasonable probability" is considered to be a probability sufficient to undermine confidence in
25  the outcome. *Id*. at 694. Where possible, the Supreme Court has recommended analysis of
26  ineffective assistance of counsel claims based on the second prong, stating "[t]he object of an
27  ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an
28

3

ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id*. at 697.

Defendant's first ineffective assistance claim argues his attorneys were inadequate because they failed to "impeach the testimony of Oberle." Oberle did not testify at defendant's criminal trial and thus could not have been impeached.

Defendant's other ineffective assistance claims relate to the assertion that a second Apple computer existed that would have proven defendant's innocence. Defendant argues that his lawyers failed to sufficiently investigate the existence of the second Apple computer and failed to impeach FBI Agents Songsanand and Kwok about the computer's existence and contents. The undersigned judge has already found that the existence of such a computer was "purely speculative" (Dkt. No. 249 at 5). It was further found that: "Defense counsel argued at trial that there had been unsearched computers. Nevertheless, the jury decided beyond a reasonable doubt that the forensic evidence and evidence of Brosnan's past conduct was sufficient to convict. This order will add that the evidence of Brosnan's guilt was still overwhelming" (*id*. at 5–6). As has already been found, defendant has failed to show that his attorneys failed to adequately investigate the existence of this allegedly exculpatory computer.

Defendant further argues that his attorneys were unconstitutionally ineffective because they failed to: (1) request that the Court allow defendant to travel to Los Angeles to retrieve his property and uncover exculpatory evidence; (2) adequately review the computers from Attorney Brysk's law firm to uncover that Brysk was in danger of losing his law license; and (3) call essential witnesses that would have proven his innocence.

Defendant's argument that his inability to travel to Los Angeles kept him from receiving a fair trial has already been litigated and is thus procedurally defaulted. Defendant raised and then abandoned this claim. Defendant filed a motion for a new trial, partially based on his inability to travel to Los Angeles, and then later withdrew this motion (Dkt. Nos. 143, 158).

Defendant's argument that his lawyers were inadequate because they failed to review Attorney Brysk's computers is similarly unavailing. Defendant presents no evidence that Attorney Brysk faced losing his law license, that a search of Brysk's computers would have

4

1  shown this to be true, and even if it was true, that it would have changed the outcome of his trial.
2  Moreover, defendant does not demonstrate how this information would have been admissible at
3  his trial. Defendant has not shown that his attorneys were unconstitutionally ineffective for
4  failing to adequately pursue and review Brysk's computers.

5  Defendant's last claim argues that his attorneys were ineffective because they failed to
6  call essential witnesses, including the Attorney General of California, during defendant's trial.
7  Defendant alleges these witnesses would have testified to the illegal nature of Attorney Brysk's
8  activities. As with defendant's other claims, this argument remains wholly speculative and
9  defendant has not put forth any evidence to show that calling these witnesses would have
10  affected the outcome of his trial.

11  This order adds that Brosnan, at trial, had the benefit of Geoffrey Hansen as counsel, one
12  of the best trial lawyers in California, and, in the Court's opinion, Attorney Hansen performed
13  very admirably in a tough case.

14  **2.   *BRADY* CLAIMS.**

15  Defendant's *Brady* claims repeat each other and allege that the government withheld
16  evidence of a second Apple computer that would have proven his innocence, that the government
17  withheld evidence regarding Attorney Brysk's PACER account, and that the government
18  withheld evidence that Oberle's credit business was illegal. The second Apple computer idea
19  lost out long ago (Dkt. Nos. 245–46). The PACER account and Oberle's credit business theories
20  are wholly speculative. Our court of appeals has held that there is no *Brady* violation where the
21  evidence a defendant claims was withheld is "purely speculative," as here. *United States v.*
22  *Lopez-Alvarez*, 970 F.2d 583, 598 (9th Cir. 1992).

23  **3.   BRYSK CLAIMS.**

24  Defendant's third category of claims, the Brysk claims, allege that Attorney Joshua Brysk
25  testified falsely at trial. These claims are procedurally defaulted, as they could have been raised
26  at trial or on direct appeal. The United States Supreme Court has made clear that in Section
27  2255 cases "claims not raised on direct appeal may not be raised on collateral review unless the
28  petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003)

5

(citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982); *see also United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) ("Section 2255, however, is not designed to provide criminal defendants multiple opportunities to challenge their sentence. . . . If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error.")

The relevant question in determining whether a petitioner has demonstrated good cause to excuse procedural default is "whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim." *McCleskey v. Zant*, 499 U.S. 467, 498 (1991). Defendant was present at his criminal trial and the transcript of Attorney Brysk's testimony was available to him. None of these false testimony claims required any further factual development.

**CONCLUSION**

For the reasons stated above, defendant's Section 2255 motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 26, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6