```
JOHN BROSNAN
P.O. Box 21281
EL SOBRANTE, CA 94820
510.350.6542
johnbrosnanlegal@gmail.com
Pro Se
```



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. CR 10-00068 WHA |
|---|---|
| Plaintiff, | NOTICE OF MOTION AND MOTION TO MODIFY: ORDER RE MODIFICATION OF FORM 12 CONDITION |
| Vs. | |
| JOHN BROSNAN | |
| Defendant. | |

I.

**NOTICE OF MOTION AND MOTION**

1. John Brosnan ("Brosnan"), moves the court for an Order modifying ORDER RE MODIFICATION OF FORM 12 CONDITION, Dkt. 312, ("Prefiling Order").

2. This Motion is brought on the grounds that ORDER RE MODIFICATION OF FORM 12 CONDITION does not comply with De Long v. Hennessey, 912 F. 2d 1144 - Court of Appeals, 9th Circuit 1990, as pertains to parties subject to a prefiling order.

3. This Motion is also brought on the grounds that Doron Weinburg ("Weinburg"), counsel for Brosnan, did not raise the requirements of De Long v. Hennesy, in any proceedings that culminated in the Prefiling Order.

II.

**STATEMENT OF RELIEF SOUGHT**

4. Brosnan seeks an Order modifying the Prefiling Order

to comply with the dictates of De Long v. Hennessey, 912 F. 2d 1144 - Court of Appeals, 9th Circuit 1990.

### III.
### POINTS AND AUTHORITIES IN SUPPORT OF MOTION

5. Brosnan's Prefiling Order states in relevant part:

> Before defendant may file any civil lawsuit, anywhere in the world, he must obtain Judge Alsup's permission in writing.

6. In De Long v. Hennessey, 912 F. 2d 1144 - Court of Appeals, 9th Circuit 1990, the court found that overly broad prefiling orders infringe a litigators right of access to the court.

7. The Prefiling Order is overly broad in that it requires Brosnan to get permission from Judge Alsup before Brosnan files any civil lawsuit anywhere in the world.

8. In De Long v. Hennessey, 912 F. 2d 1144, the court stated in pertinent part:

> Another problem with the vexatious litigant order is its breadth. The order reads in pertinent part:
>
> Plaintiff Steven M. De Long is hereby enjoined from filing any further action or papers in this court without first obtaining leave of the general duty judge of this court.
> The order has no boundaries. Compare Moy, 906 F.2d at 470. If we are to permit pre-filing restrictive orders, these orders must be narrowly tailored to closely fit the specific vice encountered. See Wood, 705 F.2d at 1523-26 (plaintiff restricted from filing new actions paralleling the issues being litigated in

a case and preventing him from relitigating issues
decided in two cases); Ruderer v. United States, 462
F.2d 897, 899 (8th Cir.) (plaintiff prevented from
relitigating issues pertaining to his discharge or
issues which he raised in previous cases specifically
named), appeal dismissed and cert. denied, 409 U.S.
1031, 93 S.Ct. 540, 34 L.Ed.2d 482 (1972). Narrowly
tailored orders are needed "to prevent infringement on
the litigator's right of access to the courts." Sires,
748 F.2d at 51; see also Wood, 705 F.2d at 1525 (if
restrictive orders are "used too freely or couched in
overly broad terms, injunctions against future
litigation may block free access to the courts").

Here, the order is not narrowly tailored. Accordingly,
we find that the district court's order was overly
broad and cannot be upheld.

9. The Prefiling Order does not have boundaries.
10. The Prefiling Order is in direct conflict with the findings of De Long v. Hennessey, 912 F. 2d 1144.
11. Prior to the Court entering the Prefiling Order, Brosnan contacted Weinberg, multiple times via email regarding prefiling orders. Within the body of the emails were multiple references to prefiling orders including *De Long v. Hennessey*, 912 F. 2d 1144 – Court of Appeals, 9th Circuit 1990.
12. Weinburg made no mention of *Delong v. Hennesy* in moving papers or at hearings that culminated in the Prefiling Order.

## IV.
### CONCLUSION

13. The Prefiling Order does not have boundaries as required by De Long v. Hennessey, 912 F. 2d 1144.

3

14. Brosnan, contacted Weinburg, who did not bring the boundaries issue before the court.

15. Brosnan, therefore, respectfully requests that the Prefiling Order be modified to have proper boundaries and comply with the findings of the court in De Long v. Hennessey, 912 F. 2d 1144.

DATED: July 8, 2015 _____
John Brosnan

**Proof of Service**

GAURIELLA ALLALA

I, ~~Gaurielle Esparza~~, declare as follows: My address is, 1200 Fitzgerald Drive, Pinole, CA 94564. On the below stated date, I served **NOTICE OF MOTION AND MOTION TO MODIFY: ORDER RE MODIFICATION OF FORM 12 CONDITION** and **PROPOSED ORDER**, on all interested parties in this action by placing a true and correct copy thereof in a sealed envelope, with first-class postage prepaid thereon, and deposited said envelope in the United States mail in Pinole, California, addressed to, Robin L. Harris, 450 Golden Gate Avenue, Box 36055, San Francisco, CA 94102. I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 8, 2015.

_____
Signature