UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN BROSNAN,<br><br>    Defendant. | No.  CR 10-00068 WHA<br><br>**ORDER DENYING APPOINTMENT OF COUNSEL FOR POTENTIAL WRIT OF CORAM NOBIS** |

Defendant John Brosnan moves *pro se* for appointment of counsel for a potential writ of error coram nobis. The motion is appropriate for disposition on the papers. Crim. L.R. 2-1; Civ. L.R. 7-1(b).

The facts of this case have been recounted elsewhere (Dkt. No. 309). In short, defendant Brosnan was convicted by a jury in 2010 for wire fraud, obstruction of justice, perjury, and aggravated identity theft in relation to a forged letter submitted to the Court. He was sentenced to 40 months imprisonment, followed by three years of supervised release (Dkt. No. 181). Defendant has served his sentence and now seeks appointment of counsel to attack his conviction on the grounds that the trial was unfair. Specifically, defendant alleges a witness, Don Oberle, gave false testimony, and the government committed various Brady violations. For the reasons that follow, the request is **DENIED**.

A writ of coram nobis affords a remedy to those out of custody "suffering from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of

fact and egregious legal errors." *United States v. Kwan,* 407 F.3d 1005, 1009–10 (9th Cir. 2005). Pursuant to the All Writs Act, a district court may issue the writ where no other relief is available and sound reasons exist for failure to seek appropriate relief. For such an extraordinary relief, a defendant must show (1) a more usual remedy is not available, (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III and (4) the error is of the most fundamental character. *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987).

Defendant cannot satisfy the first, second, or fourth elements here. For one, his conviction was affirmed by our court of appeals, and the United States Supreme Court denied his petition for a writ of certiorari. In October 2013, defendant moved for habeas relief pursuant to Section 2255 of Title 28 of the United States Code, which was also denied. (Dkt. No. 217, 223, 256, 309). Thus, he has already exhausted the more usual remedies available — he simply has lost at every turn. Further, defendant makes no new argument tending to show a fundamental error has occurred. Instead, he repeats conclusive statements that the prosecution "hid from the jury" facts which tended to show others forged the letter. He also criticizes a motion *in limine* ruling which allegedly rendered his trial unfair (Br. 6–7, 10). Defendant's unfounded assertions are of no effect. Evidence at trial of his guilt was overwhelming, and any allegations of prejudicial pretrial rulings should have been made on appeal. There has been no error in his case, much less a fundamental one. The Court cannot see any meritorious avenue for a potential writ of error coram nobis. Accordingly, the request for appointment of counsel is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 17, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE